STEPHEN WHITTLE, AS TRUSTEE OF LOUISE M. SCHLEMM, RESPONDENT, v. WILLIAM SCHLEMM, APPELLANT.

Submitted March 20, 1919—Decided May 3, 1919.

1. A married man entered into an agreement with his wife and a trustee for his wife that the wife might live separate and apart from her husband, he agreeing to pay, or cause to be paid to her, $25 a week for her maintenance. The husband charged his wife with adultery and ceased payments. The contract did not contain any covenant by the wife that she would remain faithful to her marriage vows. The husband subsequently obtained a divorce from his wife for adultery, and the trustee for the wife sued for the weekly payments accruing between the time of the adultery charged and the decree for divorce. *Held*, that recovery was not barred by the adultery until at least it was established by the decree, the husband being bound to support his wife according to his contract, so long as she so remained and the separation continued under the agreement. Such a trustee may maintain an action at law to enforce the payments promised by the husband.

---

On appeal from District Court.

Before Justices BERGEN, KALISCH and BLACK.

For the respondent, *Weller & Lichtenstein.*

For the appellant, *J. Emil Walscheid.*

The opinion of the court was delivered by

BERGEN, J. This action is brought by plaintiff as trustee to recover the sum of $25 a week from the 2d day of November, 1915, to the week ending March 1st, 1916, payable under an article of separation signed by the defendant, the husband, on the one part, and his wife and the plaintiff, Whittle, as trustee, on the other part, by the terms of which the husband agreed with the wife and the trustee that defendant's wife might at all times thereafter live separate and

apart from him and that he would not molest or disturb any persons receiving or entertaining her; that she might reside at such places with friends or other persons and follow any trade or business she might choose, or make any claim for any household goods she might remove from the place they then lived, and that she might enjoy and dispose of the same as if she were a *feme sole,* and further agreed that he would pay towards her support and that of their child $25 a week which she agreed to take in full satisfaction for her maintenance and all alimony, and the trustee agreed to indemnify the husband from all debts of his wife, and if the husband should be compelled to pay anything on her account, the trustee would repay the same on demand, to the husband.

The husband, claiming that his wife was guilty of adultery, ceased payments in October, 1915, and shortly thereafter filed his petition for divorce from his wife for adultery, which resulted in a decree *nisi,* in his favor, May 1st, 1916.

The record shows that the action covers a period beginning after the alleged adultery and ending prior to the decree *nisi.* The plaintiff recovered and the defendant appeals.

There is nothing in the agreement which in terms avoids it, if the wife shall not faithfully observe her marriage vows, it contains nothing except the promise of the husband to permit his wife to live separate from him, and to pay her an agreed sum for maintenance.

The first matter argued by appellant is that such a contract is beyond the jurisdiction of a court of law, and only enforceable in equity. This is not sound where, as in this case, the contract is with a trustee for the wife. All the cases in equity referred to by appellant are those in which the contract is between the husband and wife and could only be enforced in equity, but where the contract is with a trustee he may enforce it at law for the benefit of the spouse he represents.

Whatever may be the effect of a lawful decree dissolving the marriage, that consideration is not present in this controversy, because the action relates entirely to payments maturing prior to that event, and the husband was lawfully

bound to maintain his wife, at least until they were legally divorced.

So, we have this situation, a lawful marriage, articles of separation, which in no way bind the wife to chastity of conduct, with the legal liability of the husband to support the wife until, at least, they have been lawfully divorced.

Under our cases there seems to be no doubt that a trustee may bring an action for the violation of the contract, and his name is manifestly introduced in order that an action at law may be maintained rather than a bill in equity, which would be necessary if the contract was directly with the wife. The contract sought to be enforced is to pay during separation. The parties have contracted, one to pay and the other to receive, in a way recognized at law.

The second point is that the rights of the wife and her trustee have been forfeited by the act of adultery committed by her in October, 1915. It seems to be well settled that such subsequent act does not forfeit the right of the trustee to recover at law. When a bill is filed by the wife against her husband, because they are incapable of contracting so that a court of law would not recognize their engagements, a court of equity enforces the contract to the extent it finds it equitable, but that rule does not apply at law, and the institution of a suit for divorce is not a bar to the enforcement of the agreement for support (*Halstead* v. *Halstead*, 74 *N. J. Eq.* 596), and while, if the wife had filed a bill to enforce the contract with her husband, equity may consider what should be done—that is not the rule at law, certainly, not before there is a decree establishing the adultery.

In *Galusha* v. *Galusha*, 116 *N. Y.* 635, it was held that such a contract made after a separation has taken place, through the intervention of a trustee, is binding upon the husband, saying: "The consideration for an agreement of separation fails, and the contract is avoided when separation does not take place; or where, after it has taken place, the parties are reconciled and cohabitation resumed. Neither of these events happened. The suggestion that the subsequent violation of the marriage vow by the defendant may

be treated as vitiating the separation agreement does not require extended consideration, for it is without potency; * * * the wrongful act of the husband then did not of itself avoid even the marriage contract. Much less was it potent to affect a contract founded, not upon a promise to faithfully observe the marriage vows, but instead upon a legal obligation to support and maintain the wife."

We think the alleged adultery of the wife was no defence at law to the action on the contract.

The case of *Devine* v. *Devine*, 104 *Atl. Rep.* 370, dealt with an equitable situation in which the court supplied by implication, a condition not in the contract the wife was seeking to enforce, namely, that she would remain chaste, but that case is not controlling in the case now under consideration, and appears to be inconsistent with *Halstead* v. *Halstead, supra*, where the contract was enforced in equity, after the alleged adultery and until the wife applied for and was allowed alimony in the divorce proceedings against her.

The next point is that the agreement is void and will not be enforced because it dealt with a future separation. In this case it may be assumed that at the time the contract was made the parties had not separated, but that, we apprehend, makes no difference, for if so much of the contract as dealt with the separation was not legal, the husband promised to pay a certain sum of money after the separation, which took place, and that is the thing which is the basis of this action. The contract does not, in terms, deal with the future but with a present separation during which the payments were to be made, and the contract sought to be enforced is not one of separation but of the payment of a stipulated sum during the separation, and that, we think, is the distinction in the cases cited by the defendant.

The fourth point is that the agreement had been avoided by a reconciliation, but the instances of cohabitation in this case do not evince an intent to end the separation, because the parties were in fact living separate and apart, and during that period the defendant was, by his contract, required to pay.

The fifth point is that the contract includes the support of the child, but the husband took the child with him voluntarily. We think there is nothing in this point, because the obligation is to pay for the support of the wife and child and the husband cannot relieve himself of the obligation to pay the wife by assuming the burden of the child.

The sixth point is that the wife should have been made a party to the suit. We do not think this is necessary under our present Practice act. The trustee is bringing the suit for the benefit of the wife and she is entitled to the payment.

The seventh and last point is that the court refused to charge certain specific requests. There is nothing in this because we have assumed that all of the requests were charged favorably to the plaintiff.

The judgment will be affirmed, with costs.