RUTH GRACIE COXE,

*vs.*

WALLACE H. COXE.

*New Castle, March 22, 1935.*

*Margaret Dugan Bodziac* and *John B. Jester,* for complainant.

*William Thomas Knowles,* for defendant.

THE CHANCELLOR: 1. It is said that the contract here sued on was merged in the judgment of divorce rendered by the Nevada court and therefore that what the bill in reality seeks is the specific enforcement of the Nevada decree. This is not a correct view of the matter. The applicable language of the Nevada decree is quoted in the statement of facts. That language instead of merging the contract into a judgment appears to me to perpetuate it as a living instrument. The decree directs the parties to carry it out. The complainant, then, has rights under the contract as distinguished from the decree. Those cases cited by the solicitor for the defendant are not in point which hold that one court will not undertake specifically to enforce the decrees of a court of foreign jurisdiction. The suit here is on the contract, not on the decree.

2. It is next contended that the complainant has an adequate remedy at law. In *Peters v. Peters, ante p.* 28, 169 *A*. 298, this court held that as a wife could not sue her husband on a contract of separation in the law courts, she was without remedy at law and so could sue him in equity. Here, the complainant is no longer the wife of the defendant. She is therefore not incapacitated to sue on account of her marital unity with her husband as was the complainant in the *Peters Case*. But this observation does not conclude the question of her right to sue on the agreement at law. It is not alone the incapacity of one spouse to sue the other at law upon a contract entered into between them that gives to equity its jurisdiction. It is also, as observed by Vice Chancellor Garrison in *Buttlar v. Buttlar*, 71 *N. J. Eq*. 671, 65 *A*. 485, their incapacity at law to make a contract.

When the contract was made between these parties they were husband and wife. Such a contract is void at law. It is enforceable only in equity. *Peters v. Peters, supra; Buttlar v. Buttlar, supra.*

The defendant, however, contends that the contract was made in contemplation of law in Nevada, that in that

jurisdiction it was not void, and in that situation the law courts of this State would entertain a suit for its enforcement. Assuming that the law courts of this State would entertain a cause of action based on an agreement which is valid in the place of its contracting but which, if entered into here, would be void, the assumption is of no avail to the defendant on this demurrer. This is for the reason that the bill neither shows that Nevada was the place of contracting, nor, if it was, that the Nevada law would recognize the contract as valid.

3. Lastly it is urged that courts will not undertake specifically to enforce agreements to pay money in the future. The fact that the agreement when made contemplated payments in the future and was in that sense executory, is of no moment. *Peters v. Peters, supra.* There are now arrearages due under the contract, as there were under the contract when the bill in the *Peters Case* was filed. Those arrearages cannot be sued for by the complainant in the law courts. That circumstance, so far as now appears, is enough to justify the retention of the bill. If, on final hearing the court should be persuaded that the relief to be offered should be confined to past installments as distinguished from possible future ones, the matter can well be provided for in the decree. The question of whether it would be proper for the court to undertake to project its decree of performance into the entire future of the contract's life, is one that is left open. As to arrearages now due the complainant is entitled, on the showing of the bill, to relief.

The demurrer will be overruled.