RUTH GRACIE COXE,

*vs.*

WALLACE H. COXE.

*New Castle, July* 22, 1935.

*Marguerite Dugan Bodziak,* for complainant.

*William Thomas Knowles,* for defendant.

THE CHANCELLOR: When this cause was before the court on demurrer, one of the contentions of the defendant was that the complainant had an adequate remedy at law. The contention rested on the conception that the contract sued on, though void at law in Delaware as being one between husband and wife, was nevertheless a valid contract in all respects in Nevada where, it was stated, the contract was entered into. But as the bill did not show that the place of contracting was in the State of Nevada and furthermore as the law of Nevada was not pleaded in the bill, the contention was not examined on its merits.

The contract was entered into at a time when the complainant and defendant, parties thereto, were husband and wife. But the answer avers that the place where the contract was so entered into was in the State of Nevada, and also avers that the statute of Nevada (*Comp. Laws Nev.* 1929, § 3373) provides that "a husband and wife

* * * may contract with each other respecting their property, as if unmarried."

The complainant has excepted to these averments as immaterial and insufficient.

In the opinion heretofore filed on demurrer it was pointed out that the only ground upon which the complainant could maintain the jurisdiction in equity was—that the contract, being one between husband and wife, is void at law and so is not suable in a legal forum. If it was entered into between the parties in Nevada, it now appears, taking of course the answer to be true, that the contract was a valid one when executed notwithstanding the then existing coverture.

In that situation, would the law courts in this State refuse to entertain a suit based on its breach? "The law of the place of contracting determines the capacity to enter into a contract." *A. L. I., Restatement, Conflict of Laws,* § 333. If a contract is valid in the State in which it is made, the general rule is, "it is deemed valid everywhere, and will sustain an action in the courts of a state whose laws do not permit such a contract." *Milliken v. Pratt,* 125 *Mass.* 374, 28 *Am. Rep.* 241. The case from which this quotation is taken was one where suit was brought at law in Massachusetts upon a contract of guaranty of her husband's debt made by a married woman in Maine, where the law permitted a married woman to enter into such a contract. Notwithstanding the contract when made was invalid under the law of Massachusetts, it was held that an action on the contract could be maintained in Massachusetts. The opinion in that case was a well considered one and is accepted as correctly expressing the law.

The only question, then, that remains for determination in this case is whether or not the answer discloses facts which warrant the conclusion that the contract was made in Nevada. The facts are as follows: The contract is dated August 12, 1931. It is not under seal. It was acknowledged

by the parties. The complainant's acknowledgment was taken in the State of Nevada on August 12, 1931; the defendant's acknowledgment was taken in this State on August 19, 1931. The residence of the complainant is recited as being in Reno, Nevada, and that of the defendant as Wilmington, Delaware. The answer avers that the defendant executed the contract in Delaware and forwarded the same to his attorneys in Reno, Nevada, with the instruction by him that if they found the same in order to deliver the contract to the attorneys for the complainant. Thus, the defendant avers, the delivery of the contract was made in Nevada by the agents of the defendant to the agents of the complainant.

Apparently, if significance is to be accorded to the dates of the acknowledgments made by the respective parties, the contract was first signed and acknowledged by the complainant in Nevada and forwarded by mail to the defendant in Delaware. But the time of the act of signing and acknowledging the paper by one party alone does not mark the moment of the contract's being entered into. If the paper arrived in Wilmington already signed and acknowledged by the complainant, it was not yet a contract. The defendant's assent was necessary before the consensual tie was knotted. That assent was not manifested by his act of signing and acknowledging the paper. That act was only a gesture towards assent. This is manifest from the fact, averred in the answer, that the defendant sent the paper, signed and acknowledged by both of the parties, not to his then wife, the complainant, but to his own attorneys with the injunction to make no delivery of it unless it appeared to them to be in order, as he put it. It is perfectly clear, from this allegation, that the defendant never intended to enter into the engagements of the contract at the moment of its leaving his possession in Delaware. It was not to be a contract mutually agreed upon between the parties until after his attorneys in Nevada had examined and approved it and made delivery of it.

Delivery of the paper by the defendant's agents was thus essential to the arising of the contract as an existing agreement. That delivery took place in Nevada. In *A. L. I., Restatement, Conflict of Laws,* at *Section* 326, the following is found:

"When an offer for a bilateral contract is made in one state and an acceptance is sent from another state to the first state in an authorized manner the place of contracting is as follows: (a) if the acceptance is sent by an agent of the acceptor, the place of contracting is the state where the agent delivers it."

The forwarding of the paper to the defendant in Delaware, constituted an offer. The delivery of the paper by the defendant's agents in Nevada under the circumstances averred constituted the defendant's acceptance. Under the rule just quoted from the *Restatement of the Law of Conflict of Laws* the place of contracting was therefore in Nevada.

As under the law of that place the contract was valid, it follows for the reason first herein stated, that notwithstanding the contract would be an invalid one if made in this State, the law courts here will nevertheless entertain jurisdiction of an action brought upon the contract.

The exception to the answer will be overruled.