EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, and EDITH B. MOSELEY,

*vs.*

WILLIAM T. MOSELEY.

*New Castle, July* 11, 1936.

*Stewart Lynch,* of the firm of Biggs, Biggs & Lynch, for complainants.

*Harold B. Howard* for defendant.

THE CHANCELLOR: Edith B. Moseley and William T. Moseley were married in 1914. They have never been divorced. Three children were born to them, the youngest of whom was born on August 18, 1919. On April 10, 1929, the parties having separated, entered into the separation agreement which the pending bill seeks specifically to enforce. The agreement provides, *inter alia,* that William T. Moseley should pay the sum of six hundred dollars monthly for the support and maintenance of his wife and three children, until the youngest child should attain the age of sixteen years. The youngest child reached that age on August 18, 1935. Paragraph 5 of the agreement is as follows:

"The monthly payments of Six Hundred Dollars ($600.00) herein provided for shall be made to the party of the second part who shall transmit the same to the party of the third part, and the party of the third part shall maintain and support herself and said three children out of said monthly allowances."

Moseley made payments for a time and then ceased to do so. The amount in arrear is the sum of $22,900.00.

The demurrer challenges the jurisdiction of the court to entertain the suit.

Equity will entertain jurisdiction to enforce a separation agreement for the payment of money between husband and wife as the only parties thereto on the ground of the

lack of a remedy at law. *Peters v. Peters,* 20 *Del. Ch.* 28, 169 *A.* 298. Even though the incapacity of the wife to sue the husband at law has been removed by a decree in divorce, if the contract was void at law because of the incompetency of husband and wife to enter into contractual relations, equity will nevertheless exercise its jurisdiction to enforce the contract. *Coxe v. Coxe,* 20 *Del. Ch.* 384, 178 *A.* 104.

When, however, the wife's incapacity at law has been removed by a decree in divorce and the contract was not void under the law of the place of its contracting, equity will decline to take jurisdiction of a bill for its enforcement, because in that case an adequate remedy may be had at law. *Coxe v. Coxe, ante p.* 30, 180 *A.* 612.

If therefore there is an adequate remedy at law to recover the arrearages which the pending bill seeks to recover, this court must decline to take jurisdiction. If the right to demand and receive from the husband payment of the stipulated monthly payments was given to the wife under the contract in question, the jurisdiction of the court to entertain her suit would be amply supported by the above cited cases, because not only would the agreement be void at law as being one between husband and wife, but also there would be an incapacity on the part of either spouse to sue the other on the contract.

But does the agreement purport to give the wife a right of action against her husband to recover the agreed monthly sums? Nowhere in its provisions is there to be found a stipulation that the husband shall make any payments to the wife, the sole provision regarding the person to whom payment is to be made is found in paragraph five quoted *supra.* The payment is to be made to the trustee. The wife is given no right of action against her husband by the contract. Equity is confined to the contract in the administering of its relief of specific performance. There being no right under the contract in the wife to demand payment from the husband, she has no standing to sue him for failure to pay the monthly sums.

The party to the contract towards whom the defendant stands in contractual relations in the matter of payment of monthly sums, is the Equitable Trust Company, trustee. Paragraph five, before referred to, cannot be read in any other light. As there is no disability attaching to the trustee to sue at law, and as the demand is a purely legal one, this court lacks jurisdiction to entertain the bill in behalf of the trustee. *Security Trust Co. v. Spruance, et al.,* 20 *Del. Ch.* 195, 174 *A.* 285.

The complainants contend, however, that Equitable Trust Company, trustee, was never intended to be a party to the agreement, that no consideration was given to it, and that the husband and wife were the real parties. While it is true in a broad sense that the husband and wife are the substantial parties in interest in the contract, yet it does not follow therefrom that the trustee is not a party, in an active and, as respects legal conceptions, an essential respect. In *Clark, Trustee, v. Fosdick, et al.,* 118 *N. Y.* 7, 22 *N. E.* 1111, 1112, 6 *L. R. A.* 132, 16 *Am. St. Rep.* 733, it is said that such a contract as this one constitutes the trustee a "trustee of an express trust, and requires that an action to enforce or to execute the trust should be brought in his name."

It is apparent that the interposition of the trustee was merely a device to circumvent the common law disability of husband and wife to contract with each other. The contention of the complainants that the trustee was never intended to be a party to the contract, ignores the very purpose which the interjection of the trustee as a party was designed to serve. That purpose was to give rise to a legal cause of action and to supply a party capable of enforcing it at law. *Whittle v. Schlemm,* 93 *N. J. Law,* 78, 80, 106 *A.* 819. The argument of the complainants, if accepted, proves too much; for if the Trust Company is not a party to the agreement in a law sense, it is equally not a party to it in an equity sense and therefore is not entitled to be heard in equity any more than at law in a suit to enforce the agreement. Yet the trustee is a party complainant in this bill.

Upon the point that there was no consideration underlying the engagement of the defendant and the Trust Company respecting the monthly payments, the following is to be said. If there was no consideration and consequently no binding obligation existed, it means that the Trust Company could not sue the defendant before any tribunal, either of law or equity. That would leave the bill in a situation to be sustained by the wife as the only complainant. But, as before pointed out, she cannot maintain it because there is no agreement by the husband to pay *to her* anything. The bill is therefore impaled on one or the other horn of a dilemma.

But I am of the opinion that the promise of the defendant to pay the monthly sum to the trustee is supported by a consideration. The consideration for that promise is the promise of the trustee to transmit the payments when made to the wife for the support of herself and children. There is in turn a consideration, not expressly stated but necessarily derived from the entire agreement, moving to the trustee. That consideration was the entering into the agreement by the husband and his promising to pay the trustee the stipulated sums for the wife's benefit. The consideration mutually moving between the defendant and the trustee consisted of mutual promises. In paragraph four there is the definite promise by the husband to pay $600.00 per month for the support of his wife and children. To whom he promises to pay it, is not stated in that paragraph. In paragraph five, however, it is provided that the payments referred to in paragraph four shall be made to the trustee. While the language of paragraph five is thus not in terms of an express promise to the trustee, yet reading the two paragraphs together the conclusion is inescapable that the trustee was the particular promisee to whom the definite promise by the defendant was made in paragraph four to make the payments.

On the question of consideration, there is the further element of the defendant's seal affixed to the agreement,

which I notice but do not pause to discuss. Whether it imports a good consideration, I find it unnecessary to decide in view of what has already been said.

The complainants further contend that if it be conceded that there was a valid trust, yet it was a dry trust in favor of the wife and executed in her, wherefore the right to sue is in her. The answer to this contention is that its predicate of a dry trust does not exist. See the cases above cited from 118 *N. Y.* and 22 *N. E.* and from 93 *N. J. Law,* and 106 *A.*

An order will be entered sustaining the demurrer on the ground that there is an adequate remedy at law.