JOHN MOSCON *v.* NORTH AMERICAN BENEFIT ASSOCIATION, a corporation of the State of Delaware.

(*May* 24, 1938.)

RODNEY, J., sitting.

*James M. Malloy* for plaintiff.

*Thomas Herlihy, Jr.,* for defendant.

Superior Court for New Castle County, Summons Case, No. 7, January Term, 1938.

The plaintiff also contended that on October 4, 1934, a certificate was issued on the life of John Green by National American Aid Society, a copy of which certificate was admitted in evidence; that John Green died November 8, 1936, and that proof of loss was duly filed with the National American Aid Society. The plaintiff further contended that in the summer of 1937 an oral contract was entered into between the National American Aid Society and the defendant, North American Benefit Association, the terms of which oral contract were reduced to writing, but not signed by either party. The plaintiff contended that under the terms of this contract the defendant, North American Benefit Association, took over all of the assets of the National American Aid Society and became liable for all of its debts and of the claims against it.

As to the last mentioned certificate the Court (RODNEY, J., sitting) after stating the claims of the plaintiff charged the jury as follows:

 The defendant contends that because no memorandum of the contract has been signed by or for the defendant no action can be maintained on the agreement, even if such agreement was made, and has asked me to charge you this as a matter of law. I cannot so charge you. It is true that a section of the *Statute of Frauds* now found as *Section* 3106 of the *Revised Code of Delaware,* 1935, provides that

"No action shall be brought * * * to charge any person whereby to answer for the debt, default, or miscarriage, of another in any sum of the value of twenty-five dollars and upwards, unless the same shall be reduced to writing, or some memorandum, or notes thereof, shall be signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing * * *."

 Since the opinion of Lord Denham, in *Eastwood v. Kenyon,* 11 *Adol. & El.* 438, 113 *English Reprint* 482, 6 *E. R. C.* 23, it is a well settled rule that an agreement between two parties that one will assume the payment of the other's debts to a third person is not within that section of the *Statute of Frauds* which requires that promises to answer for the debt, default or miscarriage of another, or some memorandum thereof, shall be in writing and signed. The Statute applies only to promises made to a person to whom another is answerable. In other words, the Statute is held to refer only to promises made to the creditor and not to the debtor himself. See cases collected in 27 *C. J.* 140; 25 *R. C. L.* 506; note in 18 *Ann. Cas.* 391; *American Digest System, Frauds, Statute of,* 18.

 If, therefore, the agreement between the two companies was in fact actually made and the North American Benefit Association agreed with the other company, the National American Aid Society, to pay the debts and claims

against the National American Aid Society, then the quoted section of the Statute presents no defense that such an agreement was not in writing. Suit could be brought on the agreement if in fact it was made, by the plaintiff, for it is the law in this State that generally a third person may sue to enforce a promise made for his benefit, even though he is a stranger both to the contract and the consideration therefor. *Bryant v. General Newspapers, Inc.,* 6 *W. W. Harr.* (36 *Del.*) 468, 178 *A.* 645.

The Court left to the jury the question of fact as to whether or not the agreement was made.