LONSDALE M. WHITTEN, formerly Lonsdale M. Bird,

*vs.*

SAMUEL B. BIRD.

*New Castle, July* 25, 1938.

*Clarence A. Southerland,* of the firm of Ward & Gray, for complainant.

*William H. Bennethum,* for defendant.

THE CHANCELLOR: The demurrer sets out fourteen causes. The solicitor for the demurrant, however, confined the demurrer to the grounds herein stated.

1. The complainant, as such, is said not to be a proper party to the suit. This objection appears to be based on the fact that the monthly payments called for by the agreement are not for the benefit of the complainant personally but solely for her children. The complainant, however, has the care and custody of the children. She has been supporting and maintaining them. The monthly payments are to supply her with the means of discharging her duty by the children, a duty which the defendant by his agreement, put upon her. The defendant agreed to make the payments to her in order that she might support and maintain them as she had agreed to do. Clearly she is entitled to sue for the sums. It is said that the defendant has no way in such a suit as this by his former wife, to compel her to account for the use of the money. If the complain-

ant has not been using the money she has already received to meet the purposes for which it was agreed to be paid, the defendant can find a way to bring the fact forward in this suit in a proper manner and make as much of it as is legally possible. There is nothing in the bill which shows that the complainant has misapplied the moneys heretofore received. On the contrary the bill alleges that the complainant has heretofore kept and performed the terms of the agreement applicable to her and is ready and willing to continue so to do. The ground urged under this head is not tenable.

·2. It is next said that the contract lacks consideration. This ground is not well taken. *Peters v. Peters,* 20 *Del. Ch.* 28, 169 *A.* 298.

3. Third, it is said, the contract lacks mutuality of remedy and is therefore not one that this court will decree to be specifically performed. But as pointed out in *Sharpless-Hendler Ice Cream Co. v. Davis,* 16 *Del. Ch.* 315, 147 *A.* 305, the Supreme Court of the State has declared that the doctrine of mutuality of remedy as a foundation for the jurisdiction of equity to afford the remedy of specific performance, is not recognized in Delaware. See *Baker Mach. Co. v. U. S. Fire Apparatus Co.,* 11 *Del. Ch.* 386, 97 *A.* 613.

4. Under this head the objection is made that the contract is against public policy in that it provides that the father of the children should lose that control and custody over them which the law throws upon him. There are some English cases which sustain the view that public policy will not permit a father to relinquish the custody and control of his children to their mother who is living in a state of separation from him. I abstain from citing those cases. The most recent of them was decided as long ago as 1840. They proceed upon the common law conception that the father is solely entitled to the custody of his children—a

custody which was entrusted to him not for his "gratification," as was said by Lord Eldon in *Lord St. John v. Lady St. John*, 11 *Ves. Sr.* 526, 32 *Eng. Reprint* 1192, "but on account of his duties."

But in England the principle of the English cases which declared it to be against public policy for a father to stipulate in a separation agreement to give up the custody of his children to their mother, was abolished in 1873 by the enactment of *The Custody of Infants Act*. Such an agreement has not since that date been offensive to public policy in England.

Neither is it so here in Delaware. The act of April 8, 1881, now appearing as *Section 2550, Revised Code of 1935*, recognizes the right of a wife living in a state of separation from her husband to take the charge and custody of their children from him in a proper case, by proceedings in *habeas corpus*. Not only so, the General Assembly by *Section 1 of the Act of March 18*, 1927, 35 *Del. Laws, c.* 191 (*Revised Code* 1935, § 3576) declared that the father and mother of a minor child "shall have equal powers and duties with respect to their minor child, and neither parent shall have any right superior to the right of the other parent concerning the child's custody or any other matter affecting said minor."

In the light of these statutory provisions expressing as they do the deliberate judgment of the people of the State through their chosen representatives, it cannot be said that the public policy of this State demands that a father shall not be permitted to relinquish the control and custody of his children to their mother.

In the following cases a separation agreement by which a husband surrendered control and custody of his children to his wife, was held as not objectionable on the score of public policy. *Edleson v. Edleson*, 179 *Ky.* 300, 200 *S. W.* 625, 2 *A. L. R.* 689; *Ward v. Goodrich*, 34 *Colo.* 369, 82

*P.* 701, 2 *L. R. A., N. S.,* 201, 114 *Am. St. Rep.* 167. In these cases, so far as the reports show, the courts were not aided to their conclusions by any such positive statutes as are to be found in Delaware. Here, therefore, there is even more reason than there, to declare that such agreements are in no sense offensive to the State's public policy.

5. Finally it is objected that the complainant comes into this court with unclean hands. This contention is based on the thought that as public policy condemns the contract respecting the care and custody of the children, the complainant as a party to that contract is affected with its alleged legal vice and so her hands are unclean in attempting to enforce it. But since under the fourth head of this memorandum the contract is held to be not offensive to public policy, it follows that the contention that the complainant comes into court with unclean hands is groundless.

An order will be entered overruling the demurrer.