WALTER H. LOWE,

*vs.*

ANNA E. WILLIAMS, ROGER E. WILLIAMS, her husband, HAROLD L. WILSON, ESTELLA PHILLIPS, CLARENCE PHILLIPS, her husband.

*Sussex, Feb.* 21, 1941.

*Howard J. Cooke* and *Howard W. Bramhall,* and *Seth P. Taylor,* of Salisbury, Md., for complainant.

*Isaac D. Short, 2nd,* and *James M. Tunnell, Jr.,* for Anna E. Williams and others.

*Caleb M. Wright,* for Harold L. Wilson.

THE CHANCELLOR: This case is before this court on two issues: (1) On either general or special demurrers of the various defendants to a bill filed by Walter H. Lowe for the specific performance of a contract to sell a tract of land in Dagsboro Hundred, Sussex County, Delaware; and (2) On a plea filed by Anna E. Williams, one of the defendants, alleging certain facts claimed to be a defense to the complainant's action, and, also, on a stipulation filed on behalf of the parties, admitting the substantial correctness of such allegations.

The complainant denies, however, that the facts alleged in the plea constitute a defense to his action.

The land in question is now owned by Estella Phillips, a defendant in the action, but the contract of sale, relied on by the complainant, was previously made with Anna E. Williams in the year 1937, and is evidenced by the following memorandum in writing, which is alleged to have been signed by her on November 15th, 1937:

"Newark, Delaware
"March 15, 1937

"Received of Walter H. Lowe ($100.00) one hundred dollars on a/c of parcel of land in Bucks Neck, of about (85) eighty-five acres which was formerly part of the Dr. Joseph K. Frame, Est. He agrees to pay balance of ($400.00) four hundred dollars on same upon receipt of Deed also balance on timber purchased from Dr. Joseph K. Frame at the same time.

"Anna E. Williams
"Witness
"Roger Williams"

There is no explanation in the bill for the apparent discrepancy between the date appearing on the above memorandum and the date on which it is alleged to have been signed by Mrs. Williams; but there is nothing to indicate that this is in any sense material. At any rate, pursuant to the contract made and the directions of Anna E. Williams, Lowe, the complainant, took immediate possession of the Buck's Neck tract and began cutting the timber standing thereon.

The demurrers necessarily admit all of the well pleaded allegations of the bill. In considering this case, we must, therefore, bear in mind that when the memorandum, evidencing the contract to sell that land, was signed by Anna E. Williams, and the payment on account of the purchase price was made by Lowe, he knew (1) that Mrs. Williams merely owned a one-half interest in that property, as one of the two heirs-at-law of Dr. Joseph K. Frame, deceased, who had died intestate some time in the year 1935; and (2) that Harold L. Wilson, her co-tenant in common, did not live with his wife, and that title to the land which Anna E. Williams had agreed to sell probably could only be given by a sale ordered by the Orphans' Court for Sussex County.

The bill alleges, and the demurrers admit that at the time the contract of sale was made Mrs. Williams promised to take the necessary steps to procure from that court a warranty deed, conveying the said lands to Lowe, free and clear of all liens and encumbrances.

It is, also, true that some time after that contract had been made, Anna E. Williams joined with her brother, Harold L. Wilson, in a petition to the Orphans' Court for partition of that land. Whether other lands, belonging to the estate of Dr. Joseph K. Frame, deceased, were included in that petition does not appear; but its does appear that the Buck's Neck tract, consisting of eighty-five acres, more or less, was subsequently "awarded" by the Orphans' Court of Sussex County to the said Harold L. Wilson, as the sole

owner. Moreover, there is nothing to indicate that Dr. Wilson was in any sense bound by the prior contract of sale of Anna E. Williams, or by any statements or promises made by her at the time her contract was made.

On December 21st, 1937, the said Harold L. Wilson conveyed the Buck's Neck tract to Estella Phillips, one of the defendants, though his wife was not a party to that deed. At that time, both Mrs. Phillips and her husband, Clarence Phillips, knew about the prior contract by which Anna E. Williams had agreed to sell the same land to Walter H. Lowe, the complainant.

The contract of sale relied on by Lowe included the entire right, title and interest in the Buck's Neck tract, and was not confined to the one-half interest therein owned by the said Anna E. Williams. He concedes, however, that Mrs. Williams could not have been compelled to convey any greater interest than she had. On the apparent theory that a subsequent purchaser, with notice of the contract of sale, was in the same position as the original parties, Lowe now seeks to compel Estella Phillips, the present record owner, together with her husband, Clarence Phillips, to convey to him the same interest upon his paying the balance of the agreed purchase price. They claim, however, that under the admitted facts no such decree should be entered.

In proper cases, the right to enter decrees for the specific performance of contracts to sell land is a well recognized branch of equity jurisprudence. *Hudson v. Layton*, 5 *Har.* 74, 48 *Am. Dec.* 167; *Godwin v. Collins*, 3 *Del. Ch.* 189, on appeal, 4 *Houst.* 28; *Long v. Chandler*, 10 *Del. Ch.* 339, 92 *A.* 256. That remedy is not an absolute right, however, but is controlled by the exercise of a sound judicial discretion, based on the application of established principles to the facts of the particular case, and the equities shown thereby. *Godwin v. Collins, supra; Hudson v. Layton, supra; Pomeroy's Specific Perf. Contracts, pp.* 102, 104.

In most cases, if a person makes a contract to sell land, as though she were the sole owner, but merely has an interest therein, and, therefore, cannot convey a complete title, she will, nevertheless, be compelled to convey whatever interest she may have. *Long v. Chandler,* 10 *Del. Ch.* 339, 92 *A.* 256; *Mortlock v. Buller,* 10 *Ves.* 315; *Pomeroy's Spec. Perf. Contracts, pp.* 900, 904, 905, 906. The complainant invokes that rule in this case.

Perhaps, in most cases of that nature, and when prayed for in the bill, the aggrieved purchaser will be compensated in some measure by an abatement in the agreed price, but that rule seldom applies if .he knew when the contract was made that the seller's interest was merely partial. *Long v. Chandler,* 10 *Del. Ch.* 339, 92 *A.* 256; *Barnes v. Wood, L. R.* (1869) 8 *Eq. Cas.* 423; *Pomeroy's Spec. Perf. Contracts,* 900-902, 906. In the absence of any other controlling circumstances, the same general rules, also, apply, and specific performance will be ordered, when the bill is filed against a subsequent grantee of the person who has agreed to sell if such grantee had notice of the grantor's prior contract of sale. *Barnes v. Wood, L. R.* (1869) 8 *Eq. Cas.* 423; *Speiss v. Martin,* 192 *Ky.* 211, 232, *S. W.* 615; *Haughwout v. Murphy,* 21 *N. J. Eq.* 118; *Id.,* 22 *N. J. Eq.* 531; *Pomeroy's Spec. Perf. Contracts,* 945-947. But, under the facts of this case, it would be unfair and inequitable to the present record owner, and to her husband, and, perhaps, to her grantor, to order even a partial performance of the Williams' contract. When that contract was made Lowe knew that Mrs. Williams was one of the two heirs-at-law of Dr. Joseph K. Frame, deceased. He was, also, bound to know that, under the statutes of this State (§§ 3736, 3737 *Rev. Code* ·1935), her interest in the Dr. Frame intestate property could be wholly divested by partition proceedings in the Orphans' Court of Sussex County, brought by either or both of the co-tenants. See *Berry v. Abbott,* 16 *Del. Ch.* 449, 143 *A.* 491. Moreover, as has already been pointed out, Lowe was told by Mrs. Williams when their contract was

made that he could only acquire a complete title through a sale ordered by that court. Partition proceedings were subsequently started by both of the coparceners, which resulted in the assignment of the entire right, title and interest in the Buck's Neck tract to Harold L. Wilson, presumably as a part of his share of the Frame estate. Estella Phillips acquired her title from Dr. Wilson, and not even in part from Anna E. Williams, and neither she nor her husband is, therefore, bound by the prior contract of sale of Mrs. Williams, even though they had notice of it prior to the delivery of the Wilson deed.

The fact that Anna E. Williams was one of the petitioners in that proceeding is of no importance, as Harold L. Wilson was, also, a petitioning party, and the rights of Mrs. Phillips are wholly controlled by his rights, as the assignee of the land in question. Perhaps none of the litigation between the various parties to this action would have been necessary had the Orphans' Court of Sussex County known of the prior contract between Mrs. Williams and Lowe. But whatever rights Lowe may have in an action at law against Mrs. Williams on that contract, he is not entitled to a decree for specific performance, and the demurrers to this bill must be sustained. This conclusion may make it unnecessary to consider the allegations of the plea, filed by Anna E. Williams, and the agreed statement of facts filed in connection therewith; but, in any aspect of the case, as Roger Williams, her husband, was not a party to her contract of sale, no acknowledgment by him would be required in order to make it valid. See *Doe ex dem. Gilpin v. Roe and Harrington,* 7 *W. W. Harr.* (37 *Del.*) 425, 184 *A.* 770. The same conclusion was reached at a prior unreported stage of the litigation between some of these parties.

In view of these conclusions, orders will be entered sustaining the demurrers and rejecting the defense raised by the plea and the agreed facts.