THELMA BURKE,

*vs.*

WILLIAM R. BURKE.

New Castle, January 28, 1952

*Arthur G. Logan* and *Stephen E. Hamilton, Jr.,* of Logan, Marvel and Boggs, for plaintiff.

*John P. Sinclair,* of Berl, Potter & Anderson, for defendant.

BRAMHALL, VICE CHANCELLOR: The complaint shows that on September 29, 1949, the plaintiff and defendant, who were then married but were at that time living separate and apart, entered into a separation agreement in this state relative to the support of the wife and for custody, maintenance and education of the minor child living with the wife. The agreement recites that the parties were contemplating divorce proceedings, and provides that the wife shall have the custody of the minor child; that the defendant shall pay to plaintiff for support and maintenance of herself and the minor child the sum of $75 per month, which sum, however, shall be subject to renegotiation at the end of each six months period, but shall not be reduced below $75 per month, with the further proviso that in the event of any disagreement between the parties with reference thereto the plaintiff shall be entitled to appropriate legal procedings and in this respect shall not be limited or restricted by the agreement; that defendant shall furnish the minor child of the parties with two complete clothing outfits each year; that the defendant shall provide for the proper education of the minor child (both preparatory and higher education) in such institution or institutions as plaintiff may determine; that the defendant shall assume certain obligations therein set forth; that defendant shall assign two insurance policies, one to the plaintiff and one to the minor child; that defendant shall pay all unusual medical and dental bills of the plaintiff and all medical and dental bills of the minor child as long as he is not self-supporting; that the defendant shall deliver the insurance policies to plaintiff; that plaintiff shall have one-half of a certain rent claim when collected; that a certain savings account shall be transferred to the minor child; that the Milford property shall be sold and the proceeds thereof, after the payment of taxes and certain indebtedness, shall be equally divided between plaintiff and defendant; that the parties shall execute all papers necessary to effectuate the

sale of this property; that defendant shall have the right to visit the minor child and the minor child shall be permitted by the mother to visit defendant at reasonable periods; that the plaintiff releases the defendant, other than as provided in the agreement, from all claims or demands which she may have, then or in the future, against the defendant.

[1]   The above recital setting forth in substance the provisions of the agreement clearly indicates that it was intended by the parties to be, and is, a complete property settlement between them rather than an agreement for the payment of alimony. It is designated therein by the parties as a property settlement by mutual agreement. It purports to be, and is, complete in itself.

Subsequent to the execution of said agreement the wife obtained a decree of divorce in the State of Florida, in which decree the Florida court ratified, confirmed and approved the separation agreement and also incorporated in its decree *in haec verba* practically all of the paragraphs of said agreement imposing obligations upon the husband above adverted to.

The complaint charges that the defendant has not made the monthly payments provided for in said agreement, that he has refused to renegotiate the amount of said monthly payments as also provided for, that he has failed to assign the insurance policies and has not paid the premiums thereon as provided, that he has not paid medical and dental expenses of the minor child, that he has not delivered the insurance policy of the plaintiff and that he has failed to provide the sums necessary for the education of the minor child. Plaintiff prays for specific performance and for such other and further relief as the nature of the case may require. Defendant has filed a motion to dismiss the complaint, alleging (1) that the separation agreement has become merged in the Florida decree and is thereby extinguished; (2) that the Court of Chancery in this state will not specifically enforce a decree of the Florida court.

1. Was the separation agreement merged in the decree?

Generally speaking, one effect of a judgment is to merge therein the cause of action from the date of the judgment. However, this doctrine is enunciated for the purpose of promoting justice and may be carried no further than the ends of justice require. *Freeman on Judgments, Vol. 2, Sec.* 550, *p.* 1172; 30 *Am.Jur. Sec.,* 150, *p.* 903; *Byram v. Miner,* (8 *Cir.,*) 47 *F. 2d* 112, 119, *certiorari denied,* 283 *U.S.* 854, 51, *S. Ct.* 648, 75 *L.Ed.* 1461; *Jones v. Berkley, Ohio Com. Pl.,* 12 *Ohio Supp.* 82; *Cobbey v. Peterson,* 89 *Colo.* 350, 3 *P.2d* 298. See also other cases cited in 50 *C.J.S., Judgments,* § 599, *p.* 22, *note* 75.

An examination of the agreement clearly demonstrates that it is much more than an agreement for the payment of alimony. There are many authorities cited in plaintiff's brief in which an equitable action is permitted on the judgment of a court in another state based upon an agreement for the payment of money. In most of those cases the courts have treated the agreement as an alimony agreement and, therefore, as being merged with the judgment or decree of the court of the other state. However, an examination of these cases fails to substantiate the contention that there is a merger where the agreement constitutes a complete property settlement between the parties and includes provisions other than for the payment of money. To the contrary, I find the law to be that in the case of a separation agreement providing for more than the payment of money the courts will not declare that the agreement merged with the subsequent decree or judgment of divorce. *McQuillen, et al. v. Dillon, et al.,* (2 *Cir.*) 98 *F.2d* 726; *Barber v. International Co. of Mexico,* 74 *Conn.* 652, 51 *A.* 857; *Restatement of the Law, Judgments, Sec.* 47 (h) ; 30 *Am.Jur., Judgments, Sec.* 155 *p.,* 905; 50 *C. J. S., Judgments* § 868, *R.;* 442.

In *Corpus Juris Secundum, supra,* the law with refer-

ence to the merger of an agreement with a later judgment is set forth as follows:

"To support a suit thereon, a foreign judgment must be a valid, final, personal adjudication in full force and virtue for the payment of money only."

The law is also clearly set forth in *Restatement of the Law of Judgments,* as follows:

"Where a judgment for the plaintiff, whether in a proceeding at law or in equity, is not a judgment for the payment of money, the plaintiff's original cause of action is not merged in the judgment * * * the plaintiff is not precluded from maintaining an action in another state on the original cause of action."

■ A suit may only be brought on a foreign judgment which establishes a definite, unconditional liability for the payment of money. *Beale, Conflict of Laws, Sec.* 449.1; *American Law Institute, Restatement of Conflict of Laws, Sec.* 449. In the *McQuillen* case cited above the court based its decision upon the ground of failure of personal service.

The case of *Coxe v. Coxe,* 20 *Del.Ch.* 384, 178 *A.* 104, 105, was a case in which the facts were very similar to this case. In that case the Chancellor interpreted the language of the decree in which "the parties hereto are hereby ordered and directed to comply with the said property settlement agreement and to execute the terms thereof" as perpetuating the agreement rather than merging it with the decree. It is capable of that construction, since the provisions of the agreement were not incorporated in the decree. However, it must be noted that in the present case the Florida court chose to incorporate in its decree, *in haec verba,* many of the salient parts of the agreement.

■ I have therefore determined that the separation agreement does not merge with the Florida decree, by reason of the fact that the agreement is more that an agreement for alimony only. It is therefore not necessary for me to determine whether or not the opinion of the Chancellor in the *Coxe* case would be controlling in the present case.

## 2. SPECIFIC PERFORMANCE

Plaintiff seems to base her action in this case upon both the agreement and the decree of the Florida court in which the agreement was largely embraced. At the argument and in plaintiff's brief counsel for plaintiff indicated that the plaintiff is proceeding upon the agreement alone. I shall therefore consider such assumption to be a fact.

I shall next consider whether or not, in a proper case, this court will decree specific performance of the separation agreement. I shall not be concerned with any possible limitations with which the plaintiff might be faced in an attempt to enforce the judgment or decree of the Florida court.

Since the contract is not merged in the decree, the agreement is still in full force and effect and the rights of plaintiff thereunder may be enforced. *Coxe v. Coxe, supra.*

The agreement provides, *inter alia,* for the support of the wife and the minor child. Courts favor the enforcement of such an agreement as a matter of public policy. From an early day courts of equity have assumed jurisdiction to enforce separation agreements between husband and wife and have enforced the payment of allowances to be paid by the husband to the wife as stipulated in such agreement. See cases cited in 17 *Am.Jur., Sec.* 737, *p.* 553, *notes* 12 & 13. In this state it has been held that the Court of Chancery has jurisdiction to enforce such an agreement upon two grounds: (1) that the wife was incapable of suing her husband in a court of law, and (2) that such a contract was void at law and therefore enforceable only in a court of equity. *Peters v. Peters,* 20 *Del. Ch.* 28, 169 *A.* 298, *Coxe v. Coxe, supra, Whitten v. Bird,* 23 *Del.Ch.* 36, 2 *A.2d* 83. In this case it is true that the parties are divorced and that the wife is now capable of suing her husband in a court of law. Nevertheless, since the agreement was written in this state, under the laws of this state, it therefore follows that it was void and unenforceable at law. The agreement here is more than a mere agreement for the payment of money; it appears to

be a complete property settlement between the parties, under the terms of which the defendant agrees to perform certain positive acts and the plaintiff, in turn, releases the defendant from any further claims or demands. Equity alone could give her an adequate remedy for the enforcement of such an agreement. *Coxe v. Coxe, supra.*

In the *Coxe* case the parties entered into a separation agreement providing that the wife should have the custody of the minor child, that the defendant should pay to the wife monthly a sum of money for the support and education of the child during minority and a further sum of money monthly to the wife for her support so long as she should live or until her remarriage. It was further provided that the wife should retain as her separate property all the household furnishings and equipment in the former home and that the home, which was held in the joint names of the parties, should be sold and the proceeds thereof divided. In determining that the Court of Chancery had jurisdiction to enforce the agreement between the parties, this court said:

"There are now arrearages due under the contract * * *. These arrearages cannot be sued for by the complainant in the law courts. That circumstance, so far as now appears, is enough to justify the retention of the bill."

I therefore conclude that this court has jurisdiction to enforce the agreement between plaintiff and defendant. The question as to the propriety of this court undertaking to decree a performance for any amounts which may be due in the future or for any other provisions in this contract is left open, to be determined on final hearing.

The mottion to dismiss will be denied. An order in accordance with this opinion will be entered upon notice.