**Katherine Killinger POTTER, Plaintiff,**

**v.**

**Richard Chute POTTER, Jr., Defendant.**

Court of Chancery of Delaware.

New Castle.

Jan. 15, 1968.

Robert H. Richards, III, and Charles F. Richards, Jr., of Richards, Layton & Finger, Wilmington, for plaintiff.

Courtney H. Cummings, Jr., of Killoran & Van Brunt, Wilmington, for defendant.

SHORT, Vice Chancellor:

This is an action for specific performance of alimony and support provisions of a divorce decree entered by the Circuit Court, Smyth County, Virginia, on December 10, 1962, and for judgment against defendant for arrearages under said decree. After defendant appeared and answered plaintiff filed a motion for summary judgment. At the hearing on that motion the court raised the issue of its jurisdiction to hear the case and grant the relief prayed for. This is the decision on the issue of jurisdiction.

In support of her contention that this court does have jurisdiction to award the relief prayed for plaintiff cites certain cases wherein equitable relief has been granted both as to arrearages of alimony under foreign divorce decrees and as to future payments as therein provided for. See McCabe v. McCabe, 210 Md. 308, 123 A.2d 447; McKeel v. McKeel, 185 Va. 108, 37 S.E.2d 746; Fanchier v. Gammill, 148 Miss. 723, 114 So. 813; Ostrander v. Ostrander, 190 Minn. 547, 252 N.W. 449. While the cited cases do support plaintiff's position they are not, in view of the decisions of the courts of this state, persuasive.

■ I will first consider plaintiff's prayer for judgment for the arrearages alleged in the complaint. Not only is plaintiff unable to point to any case in this

court wherein the payment of arrearages of alimony or support under a foreign decree has been enforced, but on the contrary I am satisfied that decisions of this court necessarily lead to the contrary result. Thus, in Coxe v. Coxe, 21 Del.Ch. 30, 180 A. 612 the Chancellor held that where a separation agreement was entered into by husband and wife in the State of Nevada, by the law of which the contract was a valid one when executed notwithstanding the existing coverture, the plaintiff had an adequate remedy at law for the enforcement thereof and that this court was without jurisdiction to afford relief. In Equitable Trust Co. v. Moseley, 21 Del.Ch. 268, 187 A. 23, where the agreement provided for payments of support for wife and children to be made to a trustee, the Chancellor held that this court would not exercise jurisdiction since the trustee in seeking to recover arrearages had an adequate remedy at law. While it is true that the cited cases do not deal with actions founded upon a foreign decree, they nevertheless specifically hold that where an agreement for support is valid at law this court is without the jurisdiction to enforce payment of arrearages. By the same token there is no jurisdiction to enforce payment of arrearages under the alimony and support provisions of a foreign divorce decree, the legal remedy being adequate.

■ But plaintiff contends that the foreign decree is entitled to recognition by this court under the full faith and credit provisions of the Federal Constitution. In spite of insinuations in some of the decided cases to this effect I am satisfied that the full faith and credit clause does not require this court to grant to plaintiff the relief which she seeks. The denial of jurisdiction here on the ground of adequacy of the legal remedy does not preclude plaintiff from seeking relief in the law courts. In any event, the case cited by plaintiff in support of this argument, namely, Fanchier v. Gammill, supra, does not, in view of the decisions of this court, have any application here. The court in Fanchier

said: "Indeed a strong argument can be made that full faith and credit is not given if the state discriminates against foreign decrees by denying the remedies given to similar decrees of its own." It is obvious that there would here be no denial of similar remedies for this court would have no power to enter a similar decree. Coxe v. Coxe, supra. Moreover, the question of the availability of remedies is governed by the law of Delaware, not that of Virginia. Silvestri v. Slatowski, 423 Pa. 498, 224 A. 2d 212.

Plaintiff, therefore, may not resort to this court for relief with respect to arrearages under the Virginia decree unless some other ground for equitable relief appears, in which event this court would proceed to grant complete relief.

■ The complaint prays for specific performance of the Virginia decree insofar as future payments of alimony and support thereunder are concerned. I am satisfied that the relief thus prayed for may not be granted. Traditionally, the remedy of specific performance is confined to contractual rights. Thus, in 49 Am.Jur. 6, it is said: "Specific performance may be defined as the actual accomplishment of a contract by the party bound to fulfil it * * * It is an equitable remedy available in appropriate circumstances to protect rights under contract." To the same effect see 81 C.J.S. Specific Performance § 1, p. 408. While there has been a tendency in some states to depart from the traditional concept there is no reported decision in Delaware wherein this court has assumed jurisdiction to enforce rights other than those arising under contract. In fact, statements of the courts of this state with respect to the remedy recognize the traditional concept. Thus, in Equitable Trust Co. v. Gallagher, 34 Del.Ch. 249, 102 A.2d 538, the Supreme Court said: "It is elementary that the remedy of specific performance is designed to take care of situations where the assessment of money damages is impracticable or somehow fails to do justice." In M. F. v. F., 40 Del.Ch. 17,

172 A.2d 274, this court said: "It is settled law in this Court that a party seeking specific performance must rest his case on an agreement which is clear and definite * * *." From these recent expressions it would seem that the traditional concept of the remedy of specific performance has been expressly recognized. Moreover, while our courts have not been called upon to determine whether or not the remedy is available to enforce alimony and support provisions of a foreign decree, that "possible limitations" might confront a plaintiff seeking the remedy has been recognized. See Burke v. Burke, 32 Del.Ch. 320, 86 A. 2d 51; Coxe v. Coxe, 20 Del.Ch. 384, 178 A. 104.

■ Plaintiff has no absolute right to the remedy of specific performance. Her application for such relief is addressed to the sound discretion of the court. Lowe v. Williams, 25 Del.Ch. 304, 18 A.2d 424; 81 C.J.S. Specific Performance § 9, pp. 417–418. Under the circumstances I decline to exercise discretion in her favor. The failure to grant such relief does not leave plaintiff without remedy. With respect to the alleged arrears she may proceed for their recovery in the Superior Court, and as to future payments required by the Virginia decree she may proceed under the Uniform Reciprocal Enforcement of Support Act which has been adopted both in Virginia, where plaintiff has continued to reside, and in Delaware. Silvestri v. Slatowski, supra (dissenting opinion by Chief Justice Bell).

Since I am satisfied that plaintiff may not maintain this action in this court an order of dismissal will be signed upon presentation. Plaintiff may, if she so elects, thereafter apply to transfer her cause of action for arrearages to the Superior Court pursuant to the provisions of Title 10, § 1901, Del.C.