Barbara Sharpless ASTLE, individually, and
as next friend of her minor children,
Clair A. Wenke, et al., Appellants,

v.

David H. WENKE, Appellee.

Supreme Court of Delaware.

Sept. 11, 1972.

Reargument Denied Sept. 26, 1972.

Samuel R. Russell, of Wilson & Russell, Wilmington, for appellants.

Donald W. Booker, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The litigants in this appeal from the Court of Chancery are as follows: a di-

vorced husband (Wenke) and wife (Astle) and the children of the marriage (hereinafter "children"). All parties have appealed. The action below was begun when the children, by the wife as their next friend, filed a complaint in the Court of Chancery for specific performance of the provisions of a separation agreement between the husband and wife which called for support payments by the husband for the children's benefit.

The terms of the original separation agreement settle some of the personal rights of the husband and wife; however, the main provisions of the original separation agreement deal with the rights and obligations of the parents *vis a vis* the children. Included in its terms were a sliding scale of support payments—dependent on when the children reached 18—and a clause requiring the parents to cooperate to the fullest economic extent in order to provide the greatest amount of education for the children (education clause).

After entering into the first agreement, the husband realized that he was in fact required to support the children until they were 21 years of age. See Spruance v. Spruance, 35 Del.Ch. 188, 113 A.2d 877 (1955).

The husband and wife then entered into an amendment to the initial agreement. The amount of support was changed to a fixed amount which would remain constant until the youngest child reached 21; the wife purported to release the husband from his obligation under the "education clause," for the stated consideration of his transferring all of his interest in the ex-marital domicile to her.

This action was initiated for the children when the husband failed to make the support payments called for by the amended agreement. The husband raised the affirmative defense that the claims of the children were based upon the amended agreement which was in fact void because the wife had mislead and deceived him when he agreed to the amendment. The husband also counter-claimed, requesting the Vice-Chancellor to order the wife to reconvey to him his one-half interest in the former marital domicile. The next friend denied the affirmative defense and moved to dismiss the counter-claim on the basis that the wife was not personally a party to the litigation.

At the hearing on the merits, the children's attorney offered to make the wife a personal party to the litigation in order that the Vice-Chancellor could determine all of the issues. The husband declined this offer. By letter opinion, the Vice-Chancellor ruled as follows:

(1) The wife was added as an individual plaintiff;

(2) The husband was ordered to make support payments as provided in the amended agreement;

(3) The wife was directed to keep complete records of the children's education expenses so that the husband could " . . . move to have his remaining equity, if any, in the former marital domicile paid over to him . . . " at the termination of the children's education;

(4) A motion by the children's attorney for interim counsel fees was denied; and

(5) The husband's counter-claim was dismissed, without prejudice.

I.

The husband argues that the children are not entitled to enforce the provisions of the separation agreement which pertain to them because they are not signers of the agreement. This view finds no support in the terms of the contract and the husband cites no authority for the proposition. A separation agreement is a contract which may be specifically enforced in

Chancery;[1] to the extent that it is a contract which confers rights on third parties —as here, the children—no disability exists which prevents these children (through a next friend) from enforcing the contract as third-party beneficiaries. See Moscon v. North American Benefit Assn., 9 W.W. Harr. 495, 2 A.2d 898 (1938); Stabler et al. v. Ramsey et al., 30 Del.Ch. 439, 62 A. 2d 464 (1948). Generally, the rights of third-party beneficiaries are those which are specified in the contract.[2] However, in this case, there does exist the legal duty of the husband to support the children.[3] To the extent that the separation agreement provides for the fulfilling of this duty, it should be enforced in favor of the children; to the extent that it is silent as to this duty, the law will necessarily require fulfillment of the obligations imposed by law upon the husband. Smith v. Smith, 7 Ohio App.2d 4, 218 N.E.2d 473 (1964).

▪ Into the latter category falls the request by the children's attorney for counsel fees. The Vice-Chancellor ruled that there was no basis to impose an exception to the general rule that each party to litigation must pay his own counsel fees in a case such as this. We think this denial was an abuse of discretion on the present facts. The children were asking for specific performance of those provisions of the agreement which related *solely* to their support. We can see no difference between this situation and one where children come before the Court and ask that the amount of support be determined and an order entered requiring the husband to pay the determined amount. In the latter instance, the children would be entitled to attorneys' fees. Cohen v. Markel, 35 Del.Ch. 115, 111 A.2d 702 (1955); Wife, P. v. Husband, P., Del.Ch., 287 A.2d 409 (1972). A separation agreement may provide the basis for the final order of the Court—as here—

but the clear fact is that the children have nevertheless had to force the father to pay the support due them; it matters not whether the amount paid is contractual or formulated by the Court. Attorneys' fees, as in other support actions, must be awarded here.

## II.

The wife argues that she was not properly added as a real party and that those parts of the Vice-Chancellor's order which affect her should be reversed. We agree.

There is some inconsistency in the record on this point. The Vice-Chancellor, in his order, purports to require the wife to keep adequate records of the cost of the children's education in order that she may account to the husband at some time *in futuro* for his share of the one-half value of the former marital home not expended for that education. However, the Vice-Chancellor also dismissed, without prejudice, the counter-claim of the husband in which he demanded the return to him of his one-half interest in the residence. Because the Vice-Chancellor purports to determine the rights of the husband to the home, we treat, for present purposes only, that determination as a final order.

The treatise writers discuss to some extent the problems attendant to counter-claiming—under the Federal Rules on which Del.Ch.Rule 13(b), Del.C.Ann., is patterned—against a party who is appearing solely in a representative status. 3 Moore Fed.Prac. ¶ 13.06 (2nd Ed.1968); 6 Wright & Miller, Fed.Prac. & Proc.Civil § 1404 (1971). We do not think, however, that the problem arises in this case.

▪ At trial, the attorney for the children offered to make the wife a party; the husband refused to allow her joinder, apparently abandoning the counter-claim.

1. Coxe v. Coxe, 20 Del.Ch. 384, 178 A. 104 (1935); Burke v. Burke, 32 Del.Ch. 320, 86 A.2d 51 (1952).

2. Bryant, Griffith & Brunson v. General Newspapers, 6 W.W.Harr. 468, 178 A. 645 (1935); Royal Indemnity Company v. Alexander Industries, Inc., Del.Super., 211 A.2d 919 (1965).

3. 13 Del.C. § 702.

It was improper for the Court thereafter, *sua sponte*, to join the wife personally as a party over the husband's objection, and then use that joinder for the benefit of the husband. The wife, because she was not individually a party, did not even present evidence in defense to the claim.

This does not mean that the husband is without a remedy; the counter-claim having been dismissed, without prejudice, he is free to institute another action against the wife where the issues may be fully explored. We hold only that there was error to grant any affirmative relief as to her in *this* case after he refused her joinder.

The case is remanded with instructions to (1) allow reasonable attorneys' fees to the children; and (2) strike those parts of the order below by which the wife was personally joined and affirmative relief granted against her. That part of the order which requires the payment of the agreed support by the father is affirmed.