## HINTZ v. WAYNE CIRCUIT JUDGE.

1. DIVORCE—POWER TO AWARD TEMPORARY ALIMONY PURELY STATUTORY.

Judicial power to decree divorce and all interlocutory proceedings, inclusive of temporary alimony, expense money, and counsel fees, is purely statutory, and the ordinary principles of equity jurisdiction do not obtain.

2. SAME—TEMPORARY ALIMONY—ORDER REQUIRING HUSBAND TO KEEP UP PAYMENTS ON HOME A NULLITY.

That part of an order for temporary alimony requiring a husband to keep up the payments on the home which he and his wife are purchasing on contract as tenants by the entireties, pending divorce proceedings, is in excess of the power of the

circuit court, and therefore is a nullity; there being no statutory authority for said order. FEAD, CLARK, and POTTER, JJ., dissenting.

Mandamus by Joseph F. Hintz to compel Harry B. Keidan, circuit judge of Wayne county, to vacate an order of temporary alimony. Submitted April 3, 1928. (Calendar No. 33,294.) Writ granted January 7, 1929.

*Bertran J. Couture,* for plaintiff.

*Wilds & Newman,* for defendant.

POTTER, J. *(dissenting).* Wanda Hintz, petitioner's wife, filed a bill for divorce against him in the circuit court for Wayne county, in chancery. He filed an answer and cross-bill. A motion for temporary alimony was made by the wife. The affidavit in support of the motion for temporary alimony alleges defendant to be a strong, able-bodied man, with an income from real estate collections of $3,000 and upwards a month, $100 a week from a confectionery business, and alleges he owns 90 per cent. of the Telegraph Park subdivision, valued at $225,000. The affidavit shows plaintiff, in the divorce case, in straightened circumstances. Petitioner, in opposition to this motion, presented an answer denying the amount of collections from real estate, alleging he was to receive by contract $734 a month and that he actually received but $265 a month. He denies he ever received anything from his interest in the confectionery store, denies the value of the Telegraph Park subdivision, and sets up a schedule of indebtedness he has succeeded in accumulating. The matter was referred to the friend of the court, and the circuit judge, upon hearing the motion, made an order requiring defendant therein to pay $12 a week for the support of the plaintiff and $35 attorneys' fee, and

to make all payments to properly finance all arrearage on the premises occupied by plaintiff. Defendant brings mandamus to set aside the order made by the circuit judge.

Temporary alimony is based upon the common-law obligation of the husband to support his wife. *Story* v. *Story,* Walk. Ch. 421; *Goldsmith* v. *Goldsmith,* 6 Mich. 285; *Bialy* v. *Bialy,* 167 Mich. 559 (Ann. Cas. 1913 A, 800); *Van Dommelen* v. *Van Dommelen,* 218 Mich. 149. It rests in the sound discretion of the court (*Jordan* v. *Westerman,* 62 Mich. 170 [4 Am. St. Rep. 836]; *Rossman* v. *Rossman,* 62 Mich. 429); and the findings of the chancellor will not be disturbed (*Haines* v. *Haines,* 35 Mich. 138), except for a clear abuse of discretion. 19 C. J. p. 229. Temporary alimony is based not more upon the husband's ability to contribute, than upon the wife's necessities. The allowance for temporary alimony and solicitor's fees herein was within the discretion of the court. The property which the defendant in the divorce case was ordered to finance was owned by the parties as tenants by the entirety and was valued at $30,000. It was the home, and should be preserved pending the determination of the divorce case. The court, at the conclusion of that case, has authority by decree to determine the rights of the respective parties in this property. Notice of forfeiture had been served upon both parties to the divorce case, and proceedings were threatened to foreclose the land contract under which it was being purchased. It was the duty of the husband to provide his wife with food, clothing, and shelter,—with a home, during the time the marriage relation existed between them, and when by answer and cross-bill he appealed to the conscience of the chancellor for relief of a permanent nature, he must do equity as a condition of receiving it. The action

of the circuit judge in compelling defendant in the divorce case, who is petitioner here, to keep up the payments upon the home property so as to prevent the loss thereof, was within his discretion. The writ should be denied, with costs.

FEAD and CLARK, JJ., concurred with POTTER, J.

WIEST, J. The part of the order for temporary alimony requiring defendant "to make all payments and properly finance all arrearages upon the premises occupied by plaintiff" was in excess of power in the court and a nullity.

We are advised by the record that it will require the sum of upward of $5,000 to finance such property against immediate existing grounds of forfeiture and loss

Judicial power to decree divorce and all interlocutory proceedings, inclusive of temporary alimony, expense money, and counsel fees, is purely statutory, and the ordinary principles of equity jurisdiction do not obtain. That the power is strictly statutory, see *Maslen* v. *Anderson*, 163 Mich. 477; *Heck* v. *Bailey*, 204 Mich. 54. As stated by Mr. Justice POTTER in *Ritzer* v. *Ritzer*, 243 Mich. 406:

"The power to award alimony is wholly statutory."

No statute vests power in the court to direct or compel the husband, by interlocutory order, to pay out money to conserve his property rights or those of his wife.

The writ will issue directing the circuit judge to set aside the part of the order we hold null and void. No costs.

NORTH, C. J., and FELLOWS, McDONALD, and SHARPE, JJ., concurred with WIEST, J.