LAKRITZ *v.* WAYNE CIRCUIT JUDGE.

1. DIVORCE—PROCEEDINGS STATUTORY—ALIMONY TO HUSBAND UN-AUTHORIZED.

   Divorce proceedings being purely statutory, and no provision being made for payment of alimony by wife to husband, order of court that, pending suit, wife furnish husband room and board and that she pay him certain moneys out of her income from property claimed to be held by her in trust for him, was beyond jurisdiction of court.

2. SAME—TRUSTS—ACCOUNTING.

   Even if husband's bill for divorce states case for accounting by wife of income from property claimed to be held by her in trust for him as well as case for divorce, order for payment to him pending suit was beyond court's jurisdiction, since payment to him may be ordered only after adjudication that money is his.

Mandamus by Lena Lakritz to compel Maurice H. McMahon, Wayne circuit judge, to vacate order

*pendente lite* for support and alimony to Wolf B. Lakritz in divorce proceedings.   Submitted October 14, 1930.   (Calendar No. 35,030.)   Writ granted December 2, 1930.

*John C. Alexander* and *Leopold D. Mayer,* for plaintiff.

*William Kaufman* (*Daniel G. Shea,* of counsel), for defendant.

FEAD, J.   This is mandamus to review an order *pendente lite* in a divorce suit.

In his bill of complaint, Wolf B. Lakritz, plaintiff in the divorce action, charged that his wife, plaintiff herein, owned several pieces of real estate, that as to one the money to purchase it had been contributed by him, that she had deposited in banks, in the name of herself or children, money belonging to him, and, aside from divorce, prayed for injunction to restrain disposal of the property and money, that the court decree him the whole or part of the real estate, and that a receiver be appointed to manage the property pending suit.   Later he filed a petition asking a reasonable sum out of the proceeds of the property for his support.   Mrs. Lakritz answered, filed cross-bill for divorce, denied that Lakritz had contributed anything to her property or that she had appropriated any of his money, but averred that all her real estate came from her own earnings and investment.

The order provided, during pendency of suit or until further order of the court, that

1. Mrs. Lakritz furnish her husband room and board;

2. She pay $100 to provide him a set of false teeth;

3. She pay $3 per week "out of the income from the real estate" for his use and benefit;

4. If she fail to carry out the order, a receiver be appointed and he distribute the net income equally between the parties.

Counsel for Mr. Lakritz concede that, as divorce proceedings are purely statutory (*Hintz* v. *Wayne Circuit Judge*, 245 Mich. 306), and the statute makes no provision for payment of alimony by wife to husband, the order for room and board was beyond the jurisdiction of the court. By the same token, the remainder of the order for payments by wife to husband or division of income of her property was not within the jurisdiction in divorce.

Counsel contend, however, that the order for payment out of or division of income from the real estate is proper because their bill of complaint states a case of accounting for trust property as well as for divorce. Assuming the bill so states, although the objections by opposing counsel to such theory have much force, the right to the property and its income cannot be known until final hearing and proofs, nor declared except in formal decree. The order undertakes to give Lakritz money without adjudication that it is his, which, upon hearing, may be found to be his wife's. Even upon a sufficient bill on the trust theory, the most the court could do, pending determination on the merits, would be to preserve the property and income for the true owner.

Writ of mandamus will issue to set aside the order.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.