# MAMIE OSTRANDER v. ARTHUR E. OSTRANDER.[1]

January 26, 1934.

No. 29,610.

*Meshbesher & Anderson,* for appellant.
*Samuel Dolf,* for respondent.

*STONE, Justice.*

Defendant appeals from the order denying his alternative motion for decisive change in the findings or a new trial.

[1]Reported in 252 N. W. 449.

December 19, 1929, plaintiff and defendant were husband and wife and residents of South Dakota. They were then divorced by decree of the circuit court in Codington county in that state, a court with ample power for the purpose and personal jurisdiction of the parties. The decree mandatorily ordered defendant to pay plaintiff, as permanent alimony, during the remainder of her life, $75 monthly. There was a minor child, of whom plaintiff was awarded custody and for whom she was to provide out of the alimony.

The parties have since removed from South Dakota to Minnesota and now reside here. Since February 18, 1931, defendant has been persistently, and so far successfully, delinquent in the payment of alimony to plaintiff, July 18, 1932, there was due from him $1,350. The purpose of this action is, not to recover that amount as a debt by ordinary judgment and execution, but to compel its payment through whatever power our courts may have, on the equity side, to resort to sequestration, receivership, or even contempt proceedings, against defendant.

Defendant has no real or personal property other than "an interest" in household goods. He is employed at a substantial salary the amount of which does not appear, and, remarried since his divorce, persistently assigns unearned salary to his present wife— has done so to an extent justifying the inference that the practice will continue as long as necessary to defeat recovery by plaintiff. According to the findings, "any judgment which might be recovered by plaintiff in this state in an action at law * * * cannot be collected by legal execution." Therefore, the court found, also, "that for the wrongful deprivation of alimony due her as aforesaid plaintiff has no adequate remedy at law."

The judgment ordered below was one:

"That plaintiff is entitled to the judgment and decree of this court requiring and directing defendant to pay to plaintiff forthwith the sum of $1,350.00; and providing that for the enforcement of said judgment and decree plaintiff have all the remedies available under the laws of Minnesota for the enforcement of orders,

judgments and decrees requiring the payment of alimony in actions for absolute divorce."

■ Upon the facts found here, this action "belongs to a class where the remedy at law is ordinarily adequate," but ineffective because of particular circumstances. McClintock, *"Adequacy of Ineffective Remedy at Law,"* 16 Minn. L. Rev. 233. We agree with the conclusion of the learned author [p. 255] "that both by the weight of authority and on principle a remedy at law which is practically ineffective is not an adequate remedy." Overmire v. Haworth, 48 Minn. 372, 51 N. W. 121, 31 A. S. R. 660; Schmitt v. Cassilius, 31 Minn. 7, 16 N. W. 453; Fryberger v. Berven, 88 Minn. 311, 92 N. W. 1125.

■ In the United States all divorce jurisdiction is statutory. 19 C. J. 23; 9 R. C. L. 396; Lakritz v. Wayne Circuit Judge, 252 Mich. 148, 233 N. W. 208; Hintz v. Wayne Circuit Judge, 245 Mich. 306, 222 N. W. 722. So our district court has no power in the premises not delegated to it by statute. That power, as we shall show, is adequate to the demands now made upon it by the obvious equities of the plaintiff.

■ We need not consider what the full faith and credit clause of the federal constitution (art. IV, § 1) does or does not require. But see Lynde v. Lynde, 181 U. S. 183, 21 S. Ct. 555, 45 L. ed. 810; Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. ed. 905, 28 L.R.A.(N.S.) 1068, 20 Ann. Cas. 1061; Yarborough v. Yarborough, 290 U. S. 202, 54 S. Ct. 181, 78 L. ed. 172. Because of the nature of defendant's obligation and its origin, the enforcement of his duty is as much in need of attention by sovereign power as though he had remained in South Dakota. Transplantation of the parties from one state to another has not reduced the obligation to the ordinary category of "a debt of record." (*Contra,* 3 Freeman, Judgments [5 ed.] § 1447.) Migration of the parties across a state line has wrought no change in the nature and basis of the obligation. Its purpose remains the payment of alimony needed for the support of a former wife and the child of herself and her debtor. To the ordinary mind, untroubled by legal nuances, the money due from defendant remains alimony wherever they or either may be. We prefer that

550

nontechnical view which regards the substance of the matter as unchanged by mere removal of the debtor across a state line.

We are aware that the contrary view is entertained by distinguished authority. Mayer v. Mayer, 154 Mich. 386, 117 N. W. 890, 19 L.R.A.(N.S.) 245, 129 A. S. R. 477; Weidman v. Weidman, 274 Mass. 118, 174 N. E. 206, 76 A. L. R. 1359. As said in the latter case, the basis of such decisions is "want of jurisdiction" in the local court, due to its "incapacity, formulated" by local law. In contrast, see Fanchier v. Gammill, 148 Miss. 723, 114 So. 813, 814, where the conclusion was that the full faith and credit clause of the federal constitution required the local enforcement of a foreign decree for alimony in the same manner and to the same extent as though it had issued from a local court. But we decline debate as to how little we can do for plaintiff and yet comply with the full faith and credit mandate. In view of her plain right and the need for its enforcement, not only in justice to her and her child but also to vindicate our system of interstate comity, we prefer only to inquire whether our district court has adequate power to give plaintiff the remedy which the nature of her claim commends as just.

█ ▪ The decree ordered below is distinctly one ordering the payment of alimony to a divorced wife. It is just as much a need here of society and justice that such alimony be paid as it was in South Dakota, when the original decree was entered. Defendant's duty to plaintiff was fixed originally by the South Dakota decree. In neither ethical nor legal quality would his obligation be otherwise had it been imposed by a Minnesota judgment. The only difference is that such a judgment would be directly enforceable against him without the preliminary process of another for its enforcement. The present action is of the latter nature. Its purpose is to get a local judgment, not strictly for the enforcement here of the South Dakota judgment, but that, because of that decree, the duty shall be binding upon defendant here as well as in South Dakota. The mandate enforced locally will be that of our own court. Only in that secondary sense does the court of one state, by its own process, enforce the judgment of another state.

Now that plaintiff, her child, and defendant are residents of Minnesota, they are all within reach of the policy of this state as evidenced by its statutes. No reason occurs to sound sense (nor to "sound public policy," Holton v. Holton, 153 Minn. 346, 351, 190 N. W. 542, 41 A. L. R. 1415) why defendant should not be compelled to pay just as he would be had the obligation been first imposed by a Minnesota court. In the latter case there would be no question about the propriety of resorting to sequestration or contempt proceedings to compel obedience by defendant, under 2 Mason Minn. St. 1927, § 8604. That statute applies "in all cases where alimony or other allowance is ordered or decreed to the wife or children." Of course that inclusive language does not include "cases" in another state. But this case is now here, in our own courts. It is a case where "alimony * * * is ordered or decreed to the wife" and child. Hence the statute applies, and the decision below is right.

Order affirmed.

*OLSEN, Justice* (dissenting).

The South Dakota court having entered a judgment for recovery of a definite amount of moneys as alimony in the divorce suit, I agree that in a suit on that judgment in a court of this state a money judgment for the unpaid amount of alimony may be recovered. But such a suit in a court of this state is not a suit for divorce or separation, and the judgment here is for the recovery of an indebtedness established by the foreign judgment. I agree with the holdings of the Michigan and Massachusetts courts that such a judgment cannot be enforced here by proceedings for contempt or attachment against the person of defendant. Our statute, 2 Mason Minn. St. 1927, § 8604, as I view it, authorizes enforcement of a judgment for alimony by contempt proceedings only in a suit for a divorce or separation brought in a district court of this state.