# Richmond

## Calvin Lee McKeel v. Lucille M. McKeel.

April 22, 1946.

Record No. 3045.

Present, All the Justices.

The opinion states the case.

*W. L. Devany, Jr.,* for the appellant.

*James G. Martin & Son,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

In 1943, Calvin Lee McKeel brought a suit for divorce against his wife, Lucille M. McKeel, in the Circuit Court of the Fourth Judicial Circuit in and for Duval county, in the State of Florida. The wife appeared and filed an answer and cross-bill praying that she be granted the divorce. After a hearing the wife was granted an absolute divorce and it was decreed that the husband should pay her the sum of $42 per month for alimony and support of their minor child. This provision for the payment of alimony and support money was in accordance with a stipulation which the husband and wife had executed pending the divorce proceedings and which was ratified and approved in the final decree of the Florida court.

In June, 1944, Mrs. McKeel filed a bill in chancery in the Circuit Court of Norfolk county, Virginia, against her husband, who had taken up his residence there subsequent to the termination of the divorce proceedings in Florida. After alleging the facts just related, she further alleged that her husband, in disregard of the terms of the decree of the Florida court, had failed to make any payments to her for alimony or for the support of the child. She prayed "that judgment be rendered" against her husband for both accrued and future installments of alimony and support money, in accordance with the provisions of the Florida decree.

Although the husband was personally served with process in the suit instituted in the Circuit Court of Norfolk county, he at first made no appearance and filed no answer to the bill. After the cause had been properly matured, a decree was entered by the Circuit Court of Norfolk county, adjudging that the plaintiff wife should recover of the defendant husband the sum of $609, representing the accrued and unpaid installments of alimony and support money then due under the terms of the Florida decree. The Circuit Court of Norfolk county also decreed that until its further order the defendant husband should pay to the wife, for

alimony and support of their child, the future monthly installments of $42, decreed by the Florida court, in semi-monthly payments of $21.

The husband failed to comply with the terms of the decree of the Circuit Court of Norfolk county, and was several times summoned before it to show cause why he should not be fined for contempt. As a result of these threatened contempt proceedings he made small payments from time to time, but did not fully comply with the terms of the decree.

Finally, the husband moved to dismiss the entire proceedings in the Circuit Court of Norfolk county, claiming that that court had no equitable jurisdiction of the subject-matter, and hence no jurisdiction to enforce its decree by holding him in contempt for disobeying it.

The Circuit Court of Norfolk county overruled this contention and entered an order confirming its equitable jurisdiction of the matter, holding that the delinquent husband was in contempt of that court for "having wilfully disobeyed" its decree, and committing him to jail. From this order the husband has appealed.

The contentions of the appellant husband may be summarized thus: The entire proceedings in the Circuit Court of Norfolk county, including the contempt proceeding against him, are void, because, he says, (1) the Florida decree sought to be enforced through the decree of the Virginia court is not a final decree enforceable in another State under the full faith and credit clause of the Federal Constitution; (2) the wife's sole remedy, if any, is by an action at law in the Circuit Court of Norfolk county to recover the accrued and delinquent installments of alimony and support money due under the terms of the Florida decree, and that hence the Circuit Court of Norfolk county has no jurisdiction to enforce the foreign decree in an equity proceeding, such as that before us.

While the questions presented are of first impression in this State, they have frequently been before other courts.

The contention of the appellant husband that the Florida decree is not final is based on the fact that it contains this reservation: " * * * the court hereby retains jurisdiction to make such other and further orders touching upon the care, custody and maintenance of the said minor child as to the court may seem meet and proper." From this it is argued that the Florida court may make changes in the installments of support money to become due, if not in those past due, and hence, it is said, the decree is not such a final decree as is enforceable in Virginia under the full faith and credit clause of the Federal Constitution (Art. IV, section 1).

In *Sistare* v. *Sistare*, 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061, the Supreme Court held that a decree for future alimony is enforceable under the full faith and credit clause of the Constitution as to past due installments, if the right to such installments is "absolute and vested," even though the decree might be modified prospectively by future orders of the court. This holding was adhered to in the recent case of *Barber* v. *Barber*, 323 U. S. 77, 65 S. Ct. 137, 89 L. Ed. 114, 157 A. L. R. 163, in which it was held that a Tennessee court had erred in holding that a North Carolina judgment for arrears of alimony was not entitled to enforcement.

What, then, is the status of installments of alimony and support money past due under a Florida decree? Are they "absolute and vested," or are they subject to change? We find that the highest court of Florida has put the matter at rest and has held that under a reservation such as that in the decree before us, the courts of that State may change future installments of alimony, but not those which are accrued and past due. *Gaffny* v. *Gaffny*, 129 Fla. 172, 176 So. 68, 70; *Kennard* v. *Kennard*, 131 Fla. 473, 179 So. 660, 662. See also, *Lockman* v. *Lockman*, 220 N. C. 95, 16 S. E. (2d) 670, 674, 675, reviewing the Florida authorities on the subject.

Since the Florida court has no power or authority to change the accrued and unpaid installments due under its

decree, to that extent, at least, the Florida decree is final*
and entitled to enforcement under the full faith and credit
clause of the Federal Constitution. See Annotation, 157 A.
L. R., p. 175 *ff.*, citing numerous cases.

But even though the courts of Virginia may not be *compelled* to do so under the full faith and credit clause of the
Federal Constitution, upon principles of comity they *may*
establish as their own decree a foreign decree for future pay-
ments of alimony, with the same force and effect as if it
had been entered in Virginia, provided, of course, the for-
eign decree violates no public policy of Virginia. See
*Biewend* v. *Biewend*, 17 Cal. (2d) 108, 109 P. (2d) 701,
132 A. L. R. 1264, and the annotation following it, for a
full discussion and development of the subject.

Since there is nothing in the terms of the Florida decree
or in the background of the divorce suit which runs counter
to the public policy of the State of Virginia, the Circuit
Court of Norfolk county, upon principles of comity, had
full power and authority to enter a decree based on the
Florida decree requiring the payment of future installments
of alimony and support money.

With respect to the equitable jurisdiction of the subject-
matter, there are cases which hold that "alimony due under
a decree of a foreign court is merely a debt, collectable by
execution upon a judgment recovered locally upon the
foreign decree, and, the remedy at law for its enforcement
being complete and adequate, equity has no jurisdiction to
undertake its enforcement, as by contempt for disobedience
to the terms of its mandate." 17 Am. Jur., Divorce and
Separation, section 767, p. 581. See also, Annotations, 97
A. L. R. 1197, 109 A. L. R. 652.

---

*There is considerable authority for the view that a decree for the pay-
ment of future installments of alimony is a final one within the purview
of the Federal Constitution. 27 C. J. S., Divorce, section 328-b, pp. 1279,
1280, and cases there cited.

See also, the view of Mr. Justice Jackson, expressed in the concurring
opinion in *Barber* v. *Barber*, *supra*, that a decree for future installments of
alimony, even though not final, is enforceable under the full faith and credit
clause of the Constitution, a point not passed upon in the majority opinion.

This rule prevails in whole or in part in the District of Columbia, Georgia, Massachusetts, Michigan, and New York. It likewise prevailed in New Jersey until recently changed by statute. *Boyce* v. *Boyce*, 19 N. J. Misc. 143, 18 A. (2d) 298, 302.

But, as is pointed out in 17 Am. Jur., Divorce and Separation, section 767, p. 582, "On the other hand, there is considerable authority, in terms or in effect, supporting the proposition that a decree for alimony represents more than a debt; that its basis is the obligation of the husband to support his wife and children, which is a matter of public concern whether the cause of action arises in the state where the decree is rendered or in another state to which the parties have removed; that the urgency for its effective enforcement is equally as great in one state as in the other; and that, therefore, it should be enforced by the same remedies as are applicable to domestic decrees for alimony. Under this view, the courts of one state will enforce a foreign decree for alimony, or, more accurately speaking, a local judgment based on a foreign decree for alimony, by equitable remedies, as by contempt proceedings against the defendant for not complying with the judgment of the court, etc., as is customary in the enforcement of local decrees for alimony." See also, Annotations, 97 A. L. R. 1197, 109 A. L. R. 652.

Among the leading cases adhering to the latter view are: *Bruton* v. *Tearle*, 7 Cal. (2d) 48, 59 P. (2d) 953, 106 A. L. R. 580; *German* v. *German*, 122 Conn. 155, 188 A. 429; *Ostrander* v. *Ostrander*, 190 Minn. 547, 252 N. W. 449; *Fanchier* v. *Gammill*, 148 Miss. 723, 114 So. 813; *Fanchier* v. *Gammill*, 155 Miss. 316, 124 So. 365; *Cousineau* v. *Cousineau*, 155 Or. 184, 63 P. (2d) 897, 109 A. L. R. 643; *Shibley* v. *Shibley*, 181 Wash. 166, 42 P. (2d) 446, 97 A. L. R. 1191.

Unquestionably, the trend of the recent cases is to this view. See *McDuffie* v. *McDuffie*, 155 Fla. 63, 19 So. (2d) 511; *Rule* v. *Rule*, 313 Ill. App. 108, 39 N. E. (2d) 379;

*Glanton* v. *Renner,* 285 Ky. 808, 149 S. W. (2d) 748; *Weldy* v. *Weldy* (N. D.), 20 N. W. (2d) 583; *Johnson* v. *Johnson,* 194 S. C. 115, 8 S. E. (2d) 351; *Johnson* v. *Johnson,* 196 S. C. 474, 13 S. E. (2d) 593, 134 A. L. R. 318.

In a number of these cases the power of the domestic court to punish by attachment for contempt was directly involved and upheld.

In *Fanchier* v. *Gammill, supra* (114 So., at page 814), the court said: "It is our view that, on account of the character of a judgment for alimony, which rests, to some extent, upon public policy, in requiring a husband to support his wife and children, due to the sacred human relationship, and that they may not become public charges and derelicts, the decree for alimony, with the extraordinary power of enforcement by attachment and contempt proceedings, should be established and enforced by our equity court * * * ; because to hold that a foreign judgment for alimony can be enforced in this state only by execution, the same as judgments at law, would be to impair or to deprive a foreign judgment for alimony of its inherent power of enforcement by attachment and contempt proceedings."

In *Ostrander* v. *Ostrander, supra* (252 N. W., at page 450), it was said: "Because of the nature of defendant's obligation and its origin, the enforcement of his duty is as much in need of attention by sovereign power as though he had remained in South Dakota. Transplantation of the parties from one state to another has not reduced the obligation to the ordinary category of 'a debt of record.' * * * Migration of the parties across a state line has wrought no change in the nature and basis of the obligation. Its purpose remains the payment of alimony needed for the support of a former wife and the child of herself and her debtor. To the ordinary mind, untroubled by legal nuances, the money due from defendant remains alimony wherever they or either may be. We prefer that nontechnical view which regards the substance of the matter as unchanged by

mere removal of the debtor across a state line. * * * But we decline debate as to how little we can do for plaintiff and yet comply with the full faith and credit mandate. In view of her plain right, and the need for its enforcement, not only in justice to her and her child, but also to vindicate our system of interstate comity, we prefer only to inquire whether our district court has adequate power to give plaintiff the remedy which the nature of her claim commends as just."

In *Bruton* v. *Tearle, supra* (59 P. (2d), at page 957), it was held that a domestic decree for the payment of alimony, based on a foreign decree, is nevertheless "a judgment for alimony," and is "enforceable to the same extent and by the same legal methods" as are applicable to a local judgment requiring the payment of alimony.

We agree with the reasoning in these latter cases, which, in our opinion, is sound and in line with the public policy of this State. It is elementary that a husband's duty to support his wife and children is not merely contractual, but is one in which the public has a vital interest. *Capell* v. *Capell*, 164 Va. 45, 49, 178 S. E. 894, 895. The obligation, wherever incurred, is the same and cannot be avoided or lessened by the simple device of crossing a State line. Since the appellant has become a resident of Virginia, the public policy of this State now demands that his obligation be performed as fully as if it had been incurred here in the first instance.

Accordingly, we conclude that a decree for alimony and support money, granted by a foreign court, may be established and enforced by and through the equity courts of this State, with the incidental power of enforcement of such a decree by attachment for contempt.

In her brief filed in this court the appellee wife prays that the appellant husband "be required to pay her attorney a reasonable fee for services in this court."

While the present proceeding is not a suit for divorce, in which a fee is usually allowed the wife's counsel under

the authority of Code, Sections 5106 (as amended) and 5107, under the view we have adopted it is not merely a suit to collect a debt due under a foreign decree. It is a proceeding to collect alimony and support money. Its purpose is to establish and enforce, through the decree of the Virginia court, the decree of the Florida court, requiring the payment of such alimony and support money. *Weldy* v. *Weldy, supra* (20 N. W. (2d), at page 584); *Fanchier* v. *Gammill, supra* (114 So., at page 814); *Ostrander* v. *Ostrander, supra* (252 N. W., at page 450); *Bruton* v. *Tearle, supra* (59 P. (2d), at page 957). The domestic decree based on the foreign decree is enforceable by means of all of the equitable remedies available to the local court in like cases.

In *Heflin* v. *Heflin*, 177 Va. 385, 400, 14 S. E. (2d) 317, 322, 141 A. L. R. 391, we upheld the wife's right to recover a reasonable fee to her counsel as an incident to her right to recover alimony independently of a suit for divorce.

In *McClaugherty* v. *McClaugherty*, 180 Va. 51, 69, 21 S. E. (2d) 761, 768, we upheld the right of a child, suing through her mother and next friend, to recover of her father reasonable counsel fees as incident to her right to recover support money although no suit for divorce was involved.

Under the same principle, we think, the wife is entitled to such an allowance here.

In accordance with the prayer in the brief of the appellee, the order appealed from will be affirmed and her counsel allowed the sum of $150 for their services in the preparation of the brief and the argument of the cause in this court. See *Forbes* v. *Forbes*, 182 Va. 636, 641, 29 S. E. (2d) 829, 831, and cases there cited.

*Affirmed.*