932 F.2d 963
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michelle M. ETLIN, Petitioner-Appellant,
v.
Wayne M. HUGGINS, Sheriff of Fairfax County, Attorney
General of the Commonwealth of Virginia,
Respondents-Appellees.
 No. 90-6921.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 16, 1991.
Decided May 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-89-527-AM)
 Michelle M. Etlin, appellant pro se.
 Robert F. Horan, Jr., Commonwealth's Attorney's Office, Fairfax, Va., Gregory E. Lucyk, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michelle M. Etlin appeals the district court's order, adopting the report and recommendation of the magistrate judge, dismissing her 28 U.S.C. Sec. 2254 petition as moot and denying her motions to add a respondent and for default judgment against the Attorney General.[1] In her petition, she challenged the constitutionality of a state contempt conviction imposed upon her. While the district court correctly decided the motions,[2] the record is insufficiently clear to decide presently whether the habeas corpus petition should be dismissed.
 
 
 2
 The district court may have erred in deciding that the habeas corpus petition was moot. In the state court proceeding, the court ordered Etlin to pay attorney's fees[3] and leave her passport with the court.[4] If either the award of attorney's fees or the taking of Etlin's passport was incident to the contempt conviction, then it would be a collateral consequence to her incarceration "which survives the satisfaction of the sentence."[5] Therefore, her habeas corpus petition would not be moot. See Carafas v. LaVallee, 391 U.S. 234, 237 (1968) (quoting Fiswick v. United States, 329 U.S. 211, 222 (1946)). If these actions are found not to be incident to the contempt conviction then, because of lack of jurisdiction on account of mootness, the court must dismiss the petition. Broughton v. North Carolina, 717 F.2d 147 (4th Cir.1983), cert. denied, 466 U.S. 940 (1984).
 
 
 3
 On remand, if the district court determines that the taking of Etlin's passport or the award of attorney's fees[6] was, at least in part, incident to the contempt conviction, then the court will need to examine the procedure employed in rendering the contempt conviction to ensure the constitutional validity of that conviction. See Hopkins v. Jarvis, 648 F.2d 981 (5th Cir. Unit B 1981). The court may not delve into the underlying custody matters as the federal courts have no Sec. 2254 jurisdiction over those issues. See Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502 (1982); Doe v. Doe, 660 F.2d 101 (4th Cir.1981). If the court determines that the taking of the passport and the award of attorney's fees were solely incident to the custody determination, then the district court has no jurisdiction to examine any of those claims with respect to custody, and the petition should be dismissed as an additional reason for want of jurisdiction exists.
 
 
 4
 Accordingly, we grant a certificate of probable cause and vacate the district court's dismissal of Etlin's petition. We remand for an inquiry as to whether the award of attorney's fees and the withholding of Etlin's passport are incident to the contempt conviction. Upon such determination, the district court will then proceed as outlined herein. We dispense with oral argument because the facts and legal arguments are adequately before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 Etlin has filed a motion to expedite the appeal which is moot upon the filing of this decision. We have given her claims such prompt consideration as is consistent with the orderly administration of the court's caseload
 
 
 [2]
 The district court reasoned that the circuit court judge could not be named as a respondent on the grounds of judicial immunity. As good a rationale is based on the Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases in the United States Courts
 
 
 [3]
 The state court ordered that "Vladimir Etlin be, and he hereby is, awarded $8,800 as and for reimbursement for attorney's fees incurred in these Virginia proceedings...." Order of Fairfax County Circuit Court, Dated March 25, 1987, p. 8
 
 
 [4]
 The state court ordered that "Michelle M. Etlin shall forthwith surrender her passport to the Court where it shall be sealed and removed only by leave of Court...." Order of Fairfax County Circuit Court, Dated March 25, 1987, p. 7
 
 
 [5]
 Etlin's contentions of other collateral consequences are without merit
 
 
 [6]
 It appears that Virginia courts have the power to grant attorney's fees both for child custody cases and contempt proceedings related to custody cases. See McKeel v. McKeel, 185 Va. 108, 37 S.E.2d 746 (1946) (alimony and support); Carswell v. Masterson, 224 Va. 329, 295 S.E.2d 899 (1982) (contempt proceedings related to custody and support orders)