COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


WALTER X. SLAWSKI
                                                OPINION
v.   Record No. 0668-98-2                       PER CURIAM
                                                MAY 25, 1999
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 O/B/O PATRICIA SHEEHAN and
 PATRICIA SHEEHAN SLAWSKI


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

        John F. Ames for appellant.

        Geoffrey Scott Darnell, Assistant Attorney
        General (Mark L. Earley, Attorney General;
        Ashley L. Taylor, Jr., Deputy Attorney
        General; Robert B. Cousins, Jr., Senior
        Assistant Attorney General; Craig M. Burshem,
        Regional Special Counsel, on brief), for
        appellee Commonwealth of Virginia,
        Department of Social Services, Division of
        Child Support Enforcement, o/b/o Patricia
        Sheehan Slawski.

        Nancy L. Quinn (Barnes & Batzli, on brief),
        for appellee Patricia Sheehan Slawski.



     Walter X. Slawski appeals from the decision of the circuit

court registering for enforcement a foreign order, a 1980 New

Jersey divorce decree, under which he was obligated to pay child

support for his son and spousal support for his former wife,

Patricia Sheehan.  Virginia's Department of Social Services,

Division of Child Support Enforcement (the Department), initially sought to register the order on Sheehan's behalf in the juvenile and domestic relations district court pursuant to the Uniform Interstate Family Support Act (UIFSA). See Code §§ 20-88.32 to 20-88.82. On appeal to this Court, Slawski contends, inter alia, that the circuit court, on its de novo review, erroneously registered the order pursuant to UIFSA because various defenses barred registration.[1] The Department moved to dismiss this appeal on the ground that the circuit court order appealed from was not final because the juvenile and domestic relations district court had neither determined the amount of the support arrearages nor ruled on an accompanying show cause action. We hold that the circuit court erred in failing to determine the support arrearage. Because the circuit court failed to determine the support arrearage, which determination is essential to appellate review, it did not properly confirm the registration of the foreign support order. Therefore, we remand the case to the circuit court for further proceedings consistent with this opinion.

Under UIFSA, a foreign order is registered when it and other specified documents are filed with the registering tribunal. See Code §§ 20-88.32 (defining "register"), 20-88.67, 20-88.68(A).

---

[1] Slawski also contests the "appeal bond" of $300,000 ordered by the circuit court. Because the circuit court did not calculate the arrearages, if any, due under the foreign order, we conclude that no supersedeas bond is necessary and that Slawski's filing of a $500 bond "for costs alone" is sufficient to permit our review.

The juvenile and domestic relations district court serves as a registering tribunal in Virginia.  See Code § 20-88.33.  A registered foreign order is enforceable only after it has been confirmed.  See Code § 20-88.68.  An order is confirmed after the court has issued notice to the non-registering party of the registration and the amount of the alleged arrearages, if any, see Code § 20-88.70(A), and has provided the non-registering party with an opportunity for a hearing to contest the registration and amount of arrearages.  See Code §§ 20-88.70(B), 20-88.73.

If the non-registering party does not timely contest the registration, both the registered order and the certified statement of arrearages required to be filed with the order are confirmed by operation of law.  See Code §§ 20-88.67(A)(3), 20-88.70(B), 20-88.71(B), 20-88.73.  If the non-registering party timely contests the registration, the court must either vacate or confirm the registration or grant other appropriate relief.  See Code §§ 20-88.71, 20-88.72.  When registration is contested, UIFSA's provisions require concomitant consideration of the defenses that are raised, including challenges to the validity of the order, enforcement, and calculation of arrearages.  See Code §§ 20-88.71, 20-88.72, 20-88.73; see also Cowan v. Moreno, 903 S.W.2d 119, 124 n.12 (Tex. App. 1995) (citing UIFSA as adopted by Texas legislature).  Thus, confirmation of the registration necessarily includes a determination of the amount of the arrearage, if any.  See also UIFSA § 608 cmt. (amended 1996), 9

-

U.L.A. 322, 395 (Supp. 1998) (noting that confirmation "validates both the terms of the order and the asserted arrearages").

Although the circuit court ruled on Slawski's claimed defenses to registration and ordered the foreign decree "registered for enforcement," it did not calculate the arrearage or enter an order confirming the registration, as required under the statutory scheme.  By failing to calculate the arrearage and remanding that determination to the juvenile and domestic relations district court, the circuit court deprived the parties of the right on de novo appeal to have that determination made by the circuit court.  When a de novo appeal is taken to the circuit court, the parties are entitled to have the case tried "as if it had been originally instituted in that court."  Nationwide Mut. Ins. Co. v. Tuttle, 208 Va. 28, 33, 155 S.E.2d 358, 361 (1967). Instead, the circuit court ordered the matter remanded to the district court for calculation of the arrearages, which deprived Slawski of his right to de novo review in the circuit court.[2]  See Code § 16.1-113.

For these reasons, we hold that this matter is not fully reviewable, and we remand to the circuit court for entry of an

---

[2] No issue was raised by the Department in the circuit court or in this Court challenging the de novo appeal from the district court to the circuit court.

-

order of confirmation, which necessarily includes a determination of the amount of any arrearages.[3]

<u>Reversed and remanded</u>.

---

[3] We do not consider any other issues raised by appellant in this appeal.  Therefore, such issues remain fully reviewable in any subsequent appeal pursuant to the rules of this Court.