COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA, DEPARTMENT OF
 SOCIAL SERVICES, DIVISION OF CHILD
 SUPPORT ENFORCEMENT, ex rel.
 LORENE BRYANT
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1387-99-1             JUDGE LARRY G. ELDER
                                           FEBRUARY 29, 2000
ERNEST CARLTON


             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     Everett A. Martin, Jr., Judge

             Maryann Shea Bright, Special Counsel (Beth J.
             Edwards, Regional Special Counsel; Mark L.
             Earley, Attorney General; Ashley L. Taylor,
             Jr., Deputy Attorney General; Robert B.
             Cousins, Jr., Senior Assistant Attorney
             General; Craig M. Burshem, Regional Special
             Counsel, on briefs), for appellant.

             J. Barry McCracken (Cook & McCracken, on
             brief), for appellee.


     The Commonwealth's Department of Social Services (DSS)

appeals from a decision of the Norfolk Circuit Court holding

that it lacked jurisdiction under the Uniform Interstate Family

Support Act (UIFSA), Code §§ 20-88.32 to 20-88.82, to register

for enforcement a North Carolina order directing Ernest Carlton

to reimburse the State of North Carolina for a "past public

assistance debt" of $6,170.  On appeal, DSS contends the trial

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

court erroneously (1) refused to confirm registration of the order after Carlton failed to contest the registration within twenty days as required by UIFSA and (2) held the order was unenforceable under UIFSA because it was not "for the benefit of a child."  Pursuant to our recent holding in Department of Social Services v. Chamberlain, __ Va. App. ___, ___ S.E.2d ___ (2000), we hold that the foreign order was enforceable under UIFSA and that the trial court erred in refusing to confirm the registration which occurred by operation of law.  Therefore, we vacate the order of dismissal and remand to the trial court for further proceedings consistent with this opinion.

We hold first that the written record on appeal establishes the public assistance benefits for which Wayne County, North Carolina, sought reimbursement were paid on behalf of Sabrina Thomas, Carlton's child.  Although the order attached to the request for registration does not explicitly so state, this is the only reasonable inference to be drawn from its contents. That order lists the plaintiff as "COUNTY OF WAYNE EX REL. LORENE BRYANT" and indicates that Carlton was adjudicated the father of Thomas.  It also states that "the plaintiff is not seeking child support" at this time and that "the defendant is believed to be an able bodied individual and able to pay child support and is able to repay said public assistance debt." Based on those findings, the court ordered Carlton to repay to the State of North Carolina the amount of $6,170 in installments

-

of $100 per month.  The only reasonable interpretation of this order is that the public assistance debt accrued as a result of benefits paid to Lorene Bryant on behalf of Sabrina Thomas.

Based on our recent decision in Chamberlain, __ Va. App. at ___, ___ S.E.2d at ___, we hold the legislature contemplated that a state or political subdivision could register an order for enforcement under UIFSA and obtain thereunder reimbursement for public assistance benefits already paid on behalf of a child.  Although Chamberlain involved a support order entered in Virginia rather than the state in which the public assistance debt was owed, the underlying principles are the same.  When read in conjunction, UIFSA's definitions of "support order" and "obligee" make clear that a state or political subdivision is entitled under UIFSA to register an order for enforcement and to obtain thereunder reimbursement or arrearages for benefits paid on behalf of a child.  See id.; see also UIFSA § 101 cmt. (amended 1996), 9 U.L.A. 235, 259 (1999) (noting that "the 'obligee' may be a support enforcement agency that has been assigned the right to receive support payments in order to recoup [certain public assistance payments]" and that "[e]ven in the absence of such an assignment, a state may have an independent claim for reimbursement for general assistance provided to . . . a child of an obligor").

For these reasons, we hold that the trial court erred in concluding that the foreign order was not subject to

-

registration under UIFSA.  Because appellant failed timely to contest registration of the order and the order was, in fact, subject to registration under the Act, "both the registered order and the certified statement of arrearages . . . filed with the order [were] confirmed by operation of law."  Slawski v. Department of Soc. Servs., 29 Va. App. 721, 723, 514 S.E.2d 773, 774 (1999).  Therefore, we vacate the order of dismissal and remand to the circuit court to "enter an order confirming the registration, as required under the statutory scheme."  Id. at 723, 514 S.E.2d at 775.

Vacated and remanded.

-