COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


WALTER X. SLAWSKI

MEMORANDUM OPINION[*]
v.    Record No. 2521-99-2                    PER CURIAM
MAY 9, 2000

COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. PATRICIA SHEEHAN SLAWSKI


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

(John F. Ames, on briefs), for appellant.

(Mark L. Earley, Attorney General; Ashley L.
Taylor, Jr., Deputy Attorney General;
Robert B. Cousins, Jr., Senior Assistant
Attorney General; Craig M. Burshem, Regional
Special Counsel; Beth J. Edwards, Regional
Special Counsel; Geoffrey Scott Darnell,
Special Counsel, on brief), for appellee.


        Walter X. Slawski appeals the decision of the circuit court

registering and enforcing a child support decree originally issued

by a New Jersey Chancery court.  In his appeal, Slawski raises ten

issues:

        (1) whether under Code § 20-88.72 the court
        can register the decree and erred in so
        doing when there is an adequate remedy at
        law;

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

(2) whether the court can register and enforce a decree where full or partial payment has been made;

(3) whether the court can register or enforce a decree where a modification has been made;

(4) whether the foreign order was appropriately recognized;

(5) whether child support ceased when his son reached the age of eighteen;

(6) whether the court erred in registering or enforcing a decree that did not provide for cessation of child support;

(7) whether Slawski had financial resources to pay support;

(8) whether the court erred by failing to find Slawski was insolvent and indigent and unable to pay bond and costs;

(9) whether the case should have been dismissed due to ex parte communication between the district court judge and counsel for the Commonwealth; and

(10) whether Slawski established a defense to validity or enforcement of the decree under Code § 20-88.72.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Slawski previously appealed the order of the circuit court registering and enforcing the 1980 foreign child support decree pursuant to the provisions of the Uniform Interstate Family Support Act (UIFSA), codified at Code §§ 20-88.32 to 20-88.82. See Slawski v. Commonwealth, Dep't. of Social Servs., Div. of

-

Child Support Enforcement ex rel. Sheehan, 29 Va. App. 721, 514 S.E.2d 773 (1999). This Court reversed the circuit court's decision, finding that the circuit court erred when it failed to calculate the amount of the support arrearage or to enter an order confirming the registration. "By failing to calculate the arrearage and remanding that determination to the juvenile and domestic relations district court, the circuit court deprived the parties of the right on de novo appeal to have that determination made by the circuit court." Id. at 723-24, 514 S.E.2d at 775. We remanded the matter back to the circuit court. Because this Court found that the order was not reviewable, we noted that the other issues raised by Slawski "remain fully reviewable in any subsequent appeal pursuant to the rules of this Court." Id. at 724 n.3, 514 S.E.2d at 775 n.3.

On remand, the circuit court received evidence and determined the amount of the child support arrearage as $52,200 and the spousal support arrearage as $194,400, both accruing interest as of October 27, 1997. Slawski again appeals the circuit court's decision.

On appeal,

> [u]nder familiar principles, we view the
> evidence and all reasonable inferences in
> the light most favorable to the prevailing
> party below . . . . "The burden is on the
> party who alleges reversible error to show
> by the record that reversal is the remedy to
> which he is entitled." We are not the

-

> fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

### Defenses to Registration and Enforcement

Slawski contends that the trial court erred by failing to recognize his defenses under Code § 20-88.72(A)(3), (5), and (6). We find these contentions to be without merit.

As the party contesting registration of the order, Slawski bore the burden to prove any alleged defense. In pertinent part, the statute provides:

> A. A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
>
>   *     *     *     *     *     *     *
>
> 3. The order has been vacated, suspended, or modified by a later order;
>
>   *     *     *     *     *     *     *
>
> 5. There is a defense under the law of this Commonwealth to the remedy sought; [or]
>
> 6. Full or partial payment has been made; . . . .

Code § 20-88.72.

While Slawski contends that there was evidence that the order to be registered had been modified later, he failed to produce any order subsequently entered to support his assertion.

-

Therefore, the trial court did not err in finding the evidence insufficient under this alleged defense.

Similarly, we find no merit in his alleged defenses under the laws of Virginia. See Code § 20-88.72(A)(5). Contrary to Slawski's argument, the statute does not bar registration of an order if there is an "adequate remedy at law." Instead, the statute provides a defense in instances where there is "a defense under the law of this Commonwealth to the remedy sought." The order to be registered was a valid order satisfying the requirements of Code §§ 20-88.32 to 20-88.82. The circuit court properly exercised its equitable jurisdiction over this matter. Slawski raises no meritorious arguments under Virginia statutory or constitutional law.

Slawski argues that he had made partial payment. See Code § 20-88.72(A)(6). However, the trial court that received the evidence and heard the parties testify did not find Slawski's evidence convincing. The court's findings are supported by evidence in the record and will not be reversed on appeal.

### Emancipation

Slawski contends that he has an absolute defense under Code § 20-88.72(A)(5) because, under Virginia law, he would not be required to pay child support after his son reached the age of emancipation at the age of eighteen. The record demonstrates that, under applicable New Jersey law, Slawski's son was not

-

emancipated until May 1993, when he was approximately 24 years old.  It is irrelevant to his claimed defense under Code § 20-88.72(A)(5) that a defense might have been available if the matter had arisen under Virginia substantive law.  "The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order."  Code § 20-88.69(A).  The evidence demonstrated that there was no child support attributable to the period after the son was emancipated under New Jersey law.

No Defined Cessation of Support

Slawski contends that his rights to equal protection were violated because the Virginia courts enforced the New Jersey order that he describes as "vague and undefined."  The order was a valid order of a sister state entitled to recognition under the provisions of the UIFSA.  Challenges to the content of the 1980 order are long since time barred.  See also Code § 20-88.69(A).

Furthermore, we find no merit in Slawski's claims that he has been denied equal protection of the laws.

> To withstand an equal protection challenge,
> a classification that neither infringes upon
> a fundamental right nor creates a suspect
> class must satisfy the "rational basis"
> test. . . .  The rational basis test is
> satisfied "if the legislature could have
> reasonably concluded that the challenged
> classification would promote a legitimate
> state purpose."  Consequently, a

-

> classification will not be ruled
> unconstitutional merely because it causes
> some inequality or some discrimination.

Etheridge v. Medical Ctr. Hospital, 237 Va. 87, 103-04, 376 S.E.2d 525, 534 (1989) (citations and footnotes omitted). "It is elementary that a husband's duty to support his wife and children is not merely contractual, but is one in which the public has a vital interest." McKeel v. McKeel, 185 Va. 108, 116, 37 S.E.2d 746, 750 (1946). The provisions of UIFSA guaranteeing enforcement of valid support orders entered by other states are rationally related to a legitimate government interest. Therefore, appellant's claims under the equal protection clause of the United States Constitution are without merit.

## Indigency Determination

Indigency is not a defense to registration of an order under Code § 20-88.72(A). The trial court made no determination concerning Slawski's claimed indigency. Therefore, we find no basis to reverse the decision of the trial court.

## Bond and Costs

Slawski contends that he should not be required to post an appeal bond due to his claimed indigency. See Code § 8.01-676.1(A) and (K). The record indicates that Slawski posted a $500 bond for costs alone. He did not petition this Court for a reduction of the bond. See Code § 8.01-676.1(E). As noted above, the trial court made no factual finding that

-

Slawski was indigent.  Therefore, Slawski has failed to prove reversible error in the requirement that he post security for costs on appeal.

## Ex Parte Communication

Slawski alleged that counsel for the Commonwealth had an improper ex parte communication with the juvenile and domestic relations district court judge.  Slawski moved, among other requested relief, for dismissal of the action.  The circuit court judge denied the motion.  Appellant cites the portions of the record setting out his original motions, but fails to argue why the trial court's denial of his motion was reversible error. "Statements unsupported by argument . . . do not merit appellate consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  We do not address this issue further.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.